## WALLS *v.* STATE

[No. 264, September Term, 1958.]

*Decided May 13, 1959.*

116

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Stanley J. Schapiro,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *Edward F. Borgerding, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Joseph Mazor was attacked in his liquor and confectionery store in Baltimore by four young Negroes, one a girl, who pointed a pistol at him and forced him into a telephone booth. The appellant Walls pulled Mazor from the booth and struck him on the head several times with a chair leg he was carrying. The invaders carried out their purpose by robbing the safe, the cash register, and Mazor of some $1,400 in cash, and by taking whisky from the shelves. The court, sitting without a jury, convicted the four of robbery with a deadly weapon, and only Walls appealed from the judgment and sentence that followed.

Counsel appointed by the court to prosecute the appeal in this Court argues, with all the effectiveness the record with which he was presented permits, that the evidence was insufficient to sustain the verdict. We find the evidence entirely sufficient to have permitted the trier of fact to be convinced beyond a reasonable doubt that Walls was guilty of the crime charged. It was shown that the four met and entered into a plan to hold up Mazor's store, that one of the four exhibited to the others the pistol that was to be used in the robbery, and that Walls first mentioned the Mazor store as a place to rob and gave directions to the others concerning the plan to

be followed in the robbery. Mazor, although he had not identified Walls in the line-up, definitely and unequivocably identified him at the trial as having been in the store, and said he had been hit over the head with a chair leg by Walls. The girl testified that Walls helped plan the robbery, that he was present when it took place, and that he struck Mazor on the head with the leg of a chair. Another of the four also placed Walls at the planning of the robbery. At the time the crime was established as having occurred, a disinterested witness saw Walls running from the store into a house several doors away in which his sister lived. The same witness saw another of the four follow Walls up the street carrying a cloth bag full of the stolen whisky into the home of Walls' sister, the house into which Walls had run. Walls divided the stolen money among the criminals at his sister's house, where they met.

There was ample corroboration of the detailed testimony of those who had participated in the robbery as to Walls' connection with the crime. There is nothing in the record which could justify this Court in setting aside the verdict as clearly erroneous under Maryland Rule 741 c. *Berry v. State,* 202 Md. 62; *Kier v. State,* 216 Md. 513.

*Judgment affirmed.*