## MATTHEWS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 113, September Term, 1959.]

650

*Decided July 5, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The applicant was indicted for the slaying of his brother during a drinking soiree in the applicant's two-room trailer in Olney. On June 10, 1958, the applicant was tried and convicted of second degree murder by a jury in the Circuit Court for Montgomery County. He was sentenced to a term of fifteen (15) years by Judge Reeves, this sentence subsequently being reduced to ten (10) years.

The petitioner was represented by competent counsel at his trial and at the hearing below, where Judge Pugh denied the petition for relief under the Post Conviction Procedure Act. The petition makes three contentions:

1. That the trial court failed to properly instruct the jury.

This contention goes to the regularity of the proceedings at trial, and may be reviewed on direct appeal if properly reserved,

but is not available in post conviction procedure. Cf. *Heffner v. Warden,* 211 Md. 638, *cert. den.* 353 U. S. 914.

2. The sentence was imposed in violation of the Fifth and Sixth Amendments of the United States Constitution.

A bald allegation of a denial of constitutional rights will not be considered under the Act. *Daniels v. Warden,* 222 Md. 606; *Galloway v. Warden,* 221 Md. 611. The original sentence of fifteen years, as well as the reduced sentence of ten years, was within the statutory limits for second degree murder. Code (1957), Art. 27, Sec. 414. Since the statutory limit has not been exceeded, the petitioner cannot be heard to complain. *Plump & Kye v. Warden,* 220 Md. 662; *Ellis v. Warden,* 220 Md. 676.

3. As a last contention, the petitioner asserts that the evidence was insufficient to sustain a conviction of second degree murder.

Such a contention has been held by this Court, on many occasions, to be not a proper subject for review under the Post Conviction Procedure Act. *Washington v. Warden,* 222 Md. 624; *Burgess v. Warden,* 221 Md. 609.

*Application denied.*