## DUFF *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 120, September Term, 1963.]

*Decided May 4, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

SYBERT, J., delivered the opinion of the Court.

On December 14, 1961, the applicant, John Robert Duff, was found guilty of assault with intent to murder, assault and battery, and carrying a concealed weapon, by a jury in the Circuit Court for Cecil County, and was sentenced to serve ten years in the penitentiary. On appeal, where the only question raised

was whether the sentence constituted cruel and unusual punishment, the conviction was affirmed. *Duff v. State,* 229 Md. 126, 182 A. 2d 349 (1962).

On June 24, 1963, the applicant filed a petition in the Circuit Court for Cecil County seeking relief under the Uniform Post Conviction Procedure Act. The court appointed counsel for the applicant. Counsel filed a supplementary petition and later the applicant filed an additional petition. At a hearing the court (Keating, J.) heard the testimony of the applicant and of his trial counsel, and a transcript of the testimony at the trial was introduced in evidence by the applicant. The lower court denied relief, and an application for leave to appeal to this Court was filed.

In the petitions the applicant contended that:

(1) there was a prejudicial and unwarranted separation of the jury at the end of the trial after the case had been submitted to the jury, but before deliberations had begun;

(2) the applicant was illegally detained for six weeks before trial without being given a preliminary hearing;

(3) he was held incommunicado for 6 weeks prior to his arraignment;

(4) bail was excessive;

(5) he was not informed of the charges against him until arraignment, which was six weeks after he was taken into custody;

(6) he was illegally arrested;

(7) the court did not appoint counsel prior to the arraignment;

(8) his lawyer was incompetent both at the original trial and in prosecuting his direct appeal;

(9) the trial judge improperly assisted the prosecution;

(10) there was no intent to kill;

(11) he did not receive a speedy trial;

(12) he acted in self defense;

(13) he was not provided with a transcript when he appealed, either by his attorney or by the clerk of the circuit court.

The lower court adequately answered contentions (1), (2), (3), (4) and (8), and for the reasons assigned by it we will deny the application for leave to appeal as to those contentions.

However, the lower court made no findings, either factual or legal, with regard to the remaining contentions. Maryland Rule BK45 requires, as this Court has previously stated, that the lower court consider *all* grounds asserted for post conviction relief, unless abandoned or waived by petitioner or his counsel. Failure to do so usually requires a remand for a finding on all questions raised. *Daniels v. Warden,* 222 Md. 606, 158 A. 2d 763 (1960). While some or all of the unanswered questions may have been abandoned at the hearing or failed for lack of evidence to support them, no statement to that effect was included in the lower court's opinion to guide this Court.

Some of the unanswered contentions, however, fail on their face to state a sufficient basis for post conviction relief. We will therefore dispose of these questions without a remand, to avoid useless further consideration thereof. *Ledbetter v. Warden,* 234 Md. 643; *Wampler v. Warden,* 231 Md. 639, 191 A. 2d 594 (1963). Contention (6), alleging only an illegal arrest without an accompanying allegation of the use of any evidence obtained as a result thereof, fails to state a ground for relief. *Ledbetter v. Warden, supra; Young v. Warden,* 233 Md. 596, 599, 195 A. 2d 713 (1963). Contention (9) is a bald allegation not supported by any specific statement as to how the trial judge improperly assisted the prosecution, and thus is insufficient to form any basis for relief. Cf. *Wampler v. Warden, supra,* at p. 644 of 231 Md. Contentions (10) and (12) relate to the sufficiency and weight of the evidence and are not subject to review under the Post Conviction Procedure Act. *Slater v. Warden,* 233 Md. 609, 195 A. 2d 675 (1963). Finally, contention (13) forms no basis for relief since the applicant tacitly admits that the State furnished a transcript of the proceeding to his attorney when the direct appeal was taken. It was not necessary that his attorney or the clerk of the circuit court provide the applicant with an extra copy.

The lower court made no findings in regard to contentions (5), (7) and (11). Since these contentions raise constitutional issues, which could possibly prove to be the basis for post conviction relief, if supported factually, leave to appeal will be

granted and the case will be remanded for further proceedings with regard thereto.

*Leave to appeal granted; case remanded for further proceedings with regard to Contentions (5), (7) and (11).*