## FRANKLIN *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 15, September Term, 1964 (Adv.).]

620

*Decided June 5, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

In this very unusual case the applicant was charged with two offenses in the Circuit Court for Garrett County, burglary and escape from jail. In April, 1958, he pleaded guilty to the latter charge and not guilty to the former. He was tried for burglary before the court, sitting without a jury, and was found guilty. He was sentenced to imprisonment for ten years on the burglary charge and two years on the escape charge, the sentences to run consecutively. Only the imprisonment for burglary is here involved.

The applicant contends that he was denied due process of law in that counsel appointed for him just before the trial was not allowed sufficient time to investigate the case and to obtain the attendance of three alibi witnesses and in that a request for a continuance until they could be summoned was improperly refused. It appears that the defendant was brought before the trial judge on March 14, 1958, that he was asked if he had counsel, that he replied that, through his wife, he was getting a Baltimore lawyer to represent him, that the trial judge told the applicant that if he did not obtain counsel and if he so advised the court, counsel would be appointed for him, that the applicant telephoned to a Baltimore lawyer on the same day, that the applicant later said this lawyer had promised to get in touch with him in a few days, but did not do so, that the applicant did not inform the trial court in advance that he was without counsel, and that he appeared in court on the day of trial without counsel. The trial judge then appointed a lawyer present in court as counsel for the applicant and allowed a

period of only ten minutes for conference between counsel and client. At the end of the recess allowed for such conference, counsel for the defendant expressed a willingness to go forward with the trial if allowed an opportunity to have summoned three witnesses, one in Baltimore (the applicant's wife) and two in Alexandria, Virginia. (All of them would have been alibi witnesses.) A continuance was denied. After the conclusion of the State's case in chief and the defendant's own testimony, the request was renewed and was again denied, and the trial went on to its conclusion.

On October 2, 1962, the applicant filed a petition in the Circuit Court for Garrett County, under the Post Conviction Procedure Act, raising questions of due process based on the above events at the trial and other questions not raised on this application. That petition was not answered promptly and on November 27, 1962, the applicant (as the Attorney General informs us) filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland. This was denied on December 31, 1962, for failure to exhaust State remedies.

The applicant was allowed to proceed in forma pauperis and counsel was appointed for him in the Garrett County Court, an amended petition was filed, and a hearing held on January 11, 1963, at which the applicant was present. The petition was denied on January 16, 1963, and the applicant's counsel at the Post Conviction Procedure Act proceeding filed an application for leave to appeal on February 11, 1963. The record was not forwarded to this Court at that time. On petition of the applicant filed by his counsel appointed in the proceeding next referred to, the Circuit Court ordered the record transmitted to this Court.

Meanwhile, on April 23, 1963, the applicant filed a new petition for Federal habeas corpus in the District Court. The Attorney General has submitted a stenographic transcript of the proceedings thereon (No. 14327 Civil) before Judge Watkins in the District Court on September 26 and October 14, 1963. Judge Watkins delivered an opinion orally finding, in brief, that there had been a denial of due process at the trial but that the petitioner had waived his right to Federal habeas

corpus relief by deliberately and knowingly by-passing State procedures. He found that "the failure to allow time for counsel to check into the alleged alibi and if it seems sustainable, to produce witnesses did constitute a denial of due process." He continued, "This is particularly so since counsel for the defendant offered to save the State the expense of bringing its witnesses in again by going forward with the trial as far as the State's part was concerned, and then, at a later time, to seek to produce the alibi witnesses."

The case was presented to Judge Watkins on the basis that the time for perfecting the applicant's application for leave to appeal from the denial of his Post Conviction Procedure Act petition by the Circuit Court for Garrett County had expired and that these proceedings were beyond resuscitation. At what stage the parties came to a different conclusion does not appear. We infer that it was after the applicant had appealed from Judge Watkins' denial of his petition, an appeal which, we are informed, is now pending and is scheduled for hearing at an early date. As the case comes to us, it is as a result of the applicant's petition that the record be forwarded, and the State does not challenge Judge Hamill's order directing that it be forwarded; and we think that in view of Rules 811 and 825(a) it is properly to be considered by us under Rule 825(d).

Though we can understand the apparent feeling of the conscientious judge (now deceased) before whom the applicant was tried, that the applicant had trifled with the court, we think that he restricted the applicant's opportunity to present his defense to such an extent as to amount to a denial of due process. Only a very short time was allowed, immediately before the trial began, for conference between counsel, who had just been appointed, and the defendant, and for investigation and preparation by counsel as to both the law and the facts relevant to the defense of the case. Whether this, of itself, would or would not have amounted to a denial of the effective assistance of counsel in the circumstances of this particular case, we think that in combination with the refusal of time to produce or to attempt to produce the alibi witnesses, (and this without caus-

ing any delay in the hearing of the State's witnesses), did amount to a denial of due process through the denial of the effective assistance of counsel and of the opportunity to present witnesses on his own behalf. In the light of present constitutional doctrines, we think that such contentions may be raised as grounds for relief under our Post Conviction Procedure Act. Here, we may add, the matter was clearly raised at the trial.

The Attorney General's memorandum suggests that if we should agree with Judge Watkins' view on the question of the denial of due process, we should order a new trial. We do agree with Judge Watkins' view. Accordingly, leave to appeal is granted, the judgment of the Circuit Court for Garrett County in this proceeding is reversed, and the case is remanded to the Circuit Court for Garrett County for the entry, as soon as may be practicable after the receipt of the mandate of this Court, of an appropriate order setting aside the conviction of the applicant on the burglary charges here involved and granting a new trial on such charges, and providing that the applicant shall be discharged from custody unless the State shall afford him such new trial as soon as may be practicable after the date of such order.

*Leave to appeal granted; judgment reversed, and case remanded for the entry of an order in accordance with this opinion.*