## BAUERLIEN *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 27, September Term, 1964.]

*Decided October 21, 1964.*

Before HENDERSON, C. J., and HAMMOND, PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

HAMMOND, J., delivered the opinion of the Court.

The applicant for leave to appeal made a number of general allegations below, such as denial of equal protection of the law and of other state and federal constitutional rights, and of the lack of jurisdiction, without setting out any supporting fact, and these allegations offer him no basis for relief. *Duff v. Warden,* 234 Md. 646, 648.

Counsel for the applicant concentrated on only one point at the hearing before Judge Boylan—that the State had not furnished the applicant a transcript of the trial at which he was convicted of the murder of his wife, for use in the preparation and hearing of his post conviction proceeding. Nevertheless Judge Boylan considered and disposed of various other grounds for relief on which the applicant put reliance in his petition. He found, contrary to the applicant's contentions: (a) that the jury was legally constituted; (b) that the applicant's original counsel was able and diligent, rather than incompetent as applicant had claimed; and (c) that the applicant's lawyer had advised him of his right to take an appeal but had also advised him he had no grounds that would warrant taking the appeal, and that, in effect, applicant had acquiesced. We see no reason, on the record to disturb these findings and conclusions of Judge Boylan.

The applicant further complains that he was not sent to a mental institution before his trial for a determination of his sanity. It would appear that no question of sanity was raised before or at trial and a matter of preliminary procedure cannot be raised on post conviction when it was not raised prior to trial. *Niblett v. Warden,* 221 Md. 588.

There remain to be considered but two significant points raised by the applicant. The first is that he is entitled to release, or a new trial, because of the failure to furnish the transcript of his original trial. We have said that such a transcript need not be furnished unless the applicant for post conviction relief shows why it is necessary for his use, and there has been no such showing here. *Ingram v. Warden*, 221 Md. 597, and *Truesdale v. Warden*, 221 Md. 617. The applicant says that *Hardy v. United States*, 375 U. S. 277, 11 L. Ed. 2d 331 (in which, in a federal case, the Supreme Court held that the duties of an attorney, who had not been in the case until after trial and who had been appointed to take and conduct the appeal, could not properly be fulfilled unless he was furnished a transscript) gives him an absolute right to the transcript. We think not. It appears that in the seven years since the trial in the case before us the reporter's notes have been lost or destroyed and the dialogue of the trial cannot be recreated. In such a situation the Supreme Court, in *Norvell v. Illinois*, 373 U. S. 420, 423-4, 10 L. Ed. 2d 456, held against one in the shoes of the applicant, saying:

> "We only hold that a State, in applying *Griffin v. Illinois* [351 U. S. 12, 100 L. Ed. 891] to situations where no transcript of the trial is available due to the death of the court reporter, may without violation of the Due Process or Equal Protection Clause deny relief to those who, at the time of the trial, had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to pursue an appeal. * * *. For, where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal."

We think *Norvell* is controlling here. The opinion in *Hardy*, written for the Court by the same Justice who wrote *Norvell* for the Court, apparently did not think *Norvell* to have been affected enough to require mention.

The other significant claim of the applicant is that evidence illegally seized was used against him at the trial (before *Mapp*

*v. Ohio*). Judge Boylan did not discuss, or make a finding on, the point, as the trial court must do as to every claim in post conviction cases under Maryland Rule BK 45 b. Accordingly, we shall grant the application to appeal and remand the case for a hearing on and disposition of the claim of use of illegally seized evidence. *Duff v. Warden, supra; Ledbetter v. Warden,* 234 Md. 643; *Wampler v. Warden,* 231 Md. 639.

> *Application for leave to appeal*
> *granted and case remanded.*