## FENNELL *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 23, September Term, 1964.]

424

*Decided October 26, 1964.*

Before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

PRESCOTT, J., delivered the opinion of the Court.

In his petition and amendment thereto (Maryland Rule BK41 d), the petitioner made four contentions: (1) that the State had knowingly used perjured testimony at his trial; (2) that the State had suppressed certain evidence which would have tended to exculpate him; (3) that he was arraigned without the aid of counsel; (4) that his arrest was unlawful and a search and seizure thereafter conducted by the police were illegal; hence the introduction into evidence of personal property illegally seized and his statements obtained after an illegal arrest violated his constitutional rights.

The trial judge in his memorandum stated that it has "been held that the question of the legality of a search and seizure cannot be raised under the Uniform Post Conviction Procedure Act in *Rice v. Warden,* 221 Md. 604," and "the legality of an arrest, likewise, cannot be raised under the Act in *Roberts v. Warden,* 223 Md. 638." These cases were decided in 1959 and 1960, respectively; and it is true that we held therein in accordance with the statement of the trial judge. However, more recent decisions of the Supreme Court of the United States, which are controlling on federal constitutional questions, have required this Court and the Courts of many of our sister States to modify, and to make changes in, some of the previous holdings, which, until the recent decisions of the Supreme Court were considered as settled law. *Adair v. Warden,* 235 Md. 653. The Attorney General's office concedes that the above quoted portion of the trial judge's memorandum is no longer an accurate exposition of the law.

In addition, the trial judge did not pass upon the other questions raised in the petiton. Maryland Rule BK45 b; *Ellinger v. Warden*, 221 Md. 628. Apparently no testimony was offered at the hearing relative to certain of the contentions made, and this probably accounts for the court's failure to rule thereon; however, this does not affirmatively appear from the record. If this were the case, it would have been a simple matter to have so stated in the memorandum.

We must therefore grant the application for leave to appeal and remand the case, so that the trial judge may pass upon all of the contentions made.

> *Application for leave to appeal granted, and case remanded for further proceedings.*