## WADE *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 68, September Term, 1965.]

*Decided November 12, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-MOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

HAMMOND, J., delivered the opinion of the Court.

In this application for leave to appeal from the denial of post conviction relief, the petitioner makes eight contentions, several of which are substantially the same. Judge Prendergast considered six of them, in addition to one not in the written petition but presumably raised at the hearing, but did not deal explicitly with the allegations of illegal arrest and illegal search and seizure.

In the lower court the petitioner did not produce any facts to substantiate either of these latter contentions.

If it be assumed that petitioner's allegation of illegal arrest is true, the fact that his arrest was illegal would of itself afford him no ground for post conviction relief. *Ogle v. Warden*, 236 Md. 425; *Jackson v. Warden*, 235 Md. 689; *Duff v. Warden*, 234 Md. 646. However, the findings of fact by Judge Prendergast reveal that the contention was not true. The petitioner was apprehended in Chicago ten days after the commission of the crime when agents of the Federal Bureau of Investigation arrested him on a warrant charging unlawful flight from prosecution.

While the mere fact that an arrest was illegal affords no grounds for post conviction relief, an illegal arrest plus the use of evidence obtained through the arrest may afford such grounds. *Shefton v. Warden*, 234 Md. 627. Here the contention of illegally obtained evidence is without significance because the arrest was not illegal. Petitioner offered nothing, other than the bare claim that an illegal search and seizure is ground for post

conviction relief, to indicate that any evidence was obtained at the time of the arrest, and it seems highly improbable that ten days after and almost a thousand miles from the commission of the crime the petitioner would have with him, when arrested, any incriminating evidence of the murder or robbery.

Another matter which Judge Prendergast did not mention concerns petitioner's request for a free transcript of the original trial. Petitioner stated no reasons why he should be furnished the transcript except that he needed it "* * * in order to support his allegations of denial of due process of law * * *." The Post Conviction Procedure Act is silent as to the furnishing of a transcript of the original trial, and without a showing that the transcript would serve a useful purpose, the request is denied. *Bauerlien v. Warden*, 236 Md. 346; *Gamble v. Warden*, 223 Md. 633. The vague "fishing expedition" reason furnished by petitioner is not adequate.

For the reasons assigned by the lower court in its opinion, as supplemented herein, the application is denied.

*Application denied.*