LEE *v.* WARDEN, MARYLAND
PENITENTIARY

[App. No. 37, September Term, 1965.]

722

*Decided November 15, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This application involves George Lee's petition for leave to appeal from a dismissal below of his petition for post conviction relief. The applicant was charged with attempted sodomy and assault with intent to rob and was convicted after a plea of not guilty in the Criminal Court of Baltimore by Judge John T. Tucker sitting without a jury, on April 17, 1957. Lee was sentenced to terms of 5 and 10 years respectively in the Maryland Penitentiary to run consecutively. He was represented at the trial by counsel of his own choosing. No appeal was taken to this Court from this judgment.

Lee filed his first petition for relief under the Post Conviction Act on February 29, 1960. This first application was denied on October 4, 1960 by Chief Judge Emory H. Niles after a full hearing at which the applicant was represented by counsel appointed by the court. Lee filed an application for leave to

appeal to this Court on October 13, 1960. This first application was denied on December 16, 1960 in a *per curiam* opinion which adopted the opinion of Judge Niles in the lower court. See *Lee v. Warden,* 224 Md. 640, 165 A. 2d 886 (1960).

Thereafter on September 17, 1962, Lee filed a second post conviction petition. This petition was denied and dismissed by Judge Dulany Foster. No application for leave to appeal from the denial of relief was filed.

On July 8, 1964, Lee filed a petition in the United States District Court for the District of Maryland for the issuance of a writ of habeas corpus. After relief was denied upon that petition by the District Court, he appealed to the United States Court of Appeals for the 4th Circuit. That appeal was dismissed as frivolous in an order and memorandum opinion dated December 28, 1964 and filed on December 31, 1964 in the case of *George Lee v. Warden, Maryland Penitentiary,* No. 9819. The federal court of appeals indicated that Lee had not exhausted his state remedies.

Thereafter on January 15, 1965, the third petition for post conviction relief was filed. Judge Albert L. Sklar denied and dismissed the petition on March 12, 1965 and Lee filed the present application for leave to appeal on April 8, 1965. In this third petition, the applicant cited the following grounds for relief from his conviction: 1) illegal arrest made without a search and seizure warrant or probable cause; 2) illegal detention for 4 days before arraignment at which time Lee alleged he was held incommunicado and his requests to call an attorney were denied; 3) intense police questioning during that 4 day period in an attempt to elicit a confession from Lee; 4) the evidence was insufficient to convict, was uncorroborated and conflicting and the prosecuting witness perjured herself.

Applicant's first contention can be summarily dismissed. Since his conviction became final in 1957, well before June 19, 1961, any relief from alleged illegal searches and seizures available to some persons under *Mapp v. Ohio,* 367 U. S. 643, 81 S. C. 1684, 6 L. Ed. 2d 1081 (1961), would not be available to Lee. *Mapp* is not retroactive. *Linkletter v. Walker,* 381 U. S. 618, 85 S. C. 1731, 14 L. Ed. 2d 601 (1965).

In regard to Lee's second and third contentions, he does not

allege that any statement, admission or confession was elicited from him during the detention and introduced against him at his trial. In fact, Lee's petition strongly suggests that he made no incriminating statements of any kind. The legality, *vel non,* of Lee's detention and refusal of his request to consult counsel are immaterial where it is not alleged that any "fruits" of such illegal police practices were used against him at his trial. *Cf. Bryant v. Warden,* 235 Md. 658, 659, 202 A. 2d 721 (1964) ; *Simms v. Warden,* 234 Md. 652, 200 A. 2d 149 (1964) ; *Duff v. Warden,* 234 Md. 646, 200 A. 2d 78 (1964) ; *Howington v. Warden,* 234 Md. 610, 612, 197 A. 2d 918 (1964).

The applicant's fourth contention is equally without merit as questions of the sufficiency of the evidence to convict are not reviewable under the Post Conviction Procedure Act. This and all his other points were fully and finally litigated in 1960 at a hearing before Judge Niles as a result of which Lee's first petition for post conviction relief was denied.

*Application denied.*