## WALLS v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 75, September Term, 1965.]

*Decided April 28, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

HAMMOND, J., delivered the opinion of the Court.

This petition for post conviction relief presents four contentions, all of which were considered by Judge Harris at a hearing where petitioner testified and called various witnesses. From denial of relief, petitioner seeks leave to appeal. He contends:

1. He was without counsel during his arrest and detention. There is, as yet, no constitutional requirement that a lawyer be furnished a person suspected of crime at the time of his arrest. Judge Harris found that petitioner did not make any statement to the police and did not request an attorney during his detention following arrest. These facts are far removed from the circumstances in *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, and even if there were factual similarities, it has been held that *Escobedo* does not apply retrospectively, *Hyde v. State,* 240 Md. 661, and petitioner's conviction became final with the decision of his appeal in 1958, *Walls v. State,* 220 Md. 115. Since petitioner pleaded not guilty at the preliminary hearing, that stage in the proceedings was not critical to him and the right to counsel did not attach. *Evans v. Warden,* 240 Md. 333.

2. The police performed acts of brutality thereby inducing petitioner to enter a guilty plea at his preliminary hearing and such plea was introduced at the trial. Judge Harris determined that the allegation pertaining to the guilty plea was not true and he further found that the evidence produced at the hearing did not substantiate the accusation of police brutality.

3. His conviction was based on perjured testimony which was known to the police to be false. Judge Harris found that no credible evidence was submitted to substantiate this contention. Without a showing that a state officer had a part in procuring perjured testimony or, at the time of trial, knew it to be perjured, there can be no post conviction relief since the contention reduces itself to an allegation of a conviction based on false testimony and goes to the credibility of the witnesses and so to the sufficiency of the evidence, a matter not reviewable on post conviction, *Husk v. Warden,* 240 Md. 353, especially in view of the final determination of the question of sufficiency of the evidence in the appeal, *Walls v. State, supra.* Code (1965 Supp.), Art. 27, § 645A.

4. His court-appointed trial counsel was incompetent. Judge Harris found that all the matters of which petitioner complains, taken either individually or collectively, were matters of trial tactics and therefore not grounds for relief. *Johns v. Warden,* 240 Md. 209. Even if alleged errors in the conduct of the trial are assumed to be of greater importance than mere tactics, Judge Harris found as a fact, based on the testimony of petitioner's trial lawyer, that petitioner was represented in a competent manner.

Petitioner has sought to be furnished with transcripts of the trial and of the post conviction hearing plus other documents he says are pertinent to his case. He has failed to show how these papers would serve any useful purpose or how he would be prejudiced without them, and merely states that the transcript would allow him to determine "which grounds I want him [his court-appointed lawyer] to fight on." This reason is inadequate, for it states merely that petitioner desires to go on a "fishing expedition." *Wade v. Warden,* 240 Md. 346.

*Application denied.*