# DENNIS v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 136, September Term, 1965.]

*Decided June 6, 1966.*

Before Prescott, C. J., and Hammond, Horney, Marbury, Oppenheimer, Barnes and McWilliams, JJ.

Oppenheimer, J., delivered the opinion of the Court.

Jerry Dennis filed a petition under the Post Conviction Procedure Act in the Criminal Court of Baltimore for relief from a judgment of conviction of murder and a life sentence entered on May 11, 1960 by Judge Harlan after a jury returned a verdict of guilty of first degree murder. No appeal was taken. His petition was denied by Judge Cardin in a memorandum and order of December 10, 1965. In support of his petition, Dennis was afforded two separate hearings at which he was represented by court appointed counsel. He seeks leave to appeal.

In his petition Dennis raised eleven grounds for relief which are as follows:

1. Illegal arrest.

2. Denial of right to counsel at his preliminary hearing.
3. No hearing on motion for new trial.
4. Denial of right to a copy of the transcript of his trial.
5. Failure of counsel to object to imposition of sentence prior to hearing on motion for trial.
6. Failure of counsel to appeal.
7. Confession was involuntary, being obtained by police through psychological duress.
8. Not advised of right to remain silent by arresting officer or that statements could be put in evidence.
9. Faulty indictment.
10. Perjured testimony was used at the trial.
11. Insufficient evidence for a conviction.

All but three of these contentions were adequately considered by Judge Cardin in his memorandum and order, and, in our opinion, properly denied.

Dennis contends he was unconstitutionally denied counsel during his preliminary hearing at which he entered a guilty plea. At the trial he pleaded not guilty. During the first hearing on his petition for post conviction relief, Dennis testified that there was no mention made before the court or jury of his prior guilty plea, but at the second hearing he testified that the State prosecutor, in his opening statement, told the jury that Dennis had pleaded guilty. At the second post conviction hearing, Dennis' original counsel testified that he did not recall any reference by the State to Dennis' prior guilty plea and that he "doubted it was made because it certainly would have aroused quite a stir." Judge Cardin found that the prior plea was not referred to at the trial. If no reference to the guilty plea offered at the preliminary hearing is made at the trial, and the plea is not before the jury, the preliminary hearing is not so critical as to require counsel. *Lumpkin v. Director,* 233 Md. 606, 195 A. 2d 592 (1963) and cases therein cited; see also *Ferrell v. Warden,* 241 Md. 432, 216 A. 2d 740 (1966). However, the question of fact as to whether or not the guilty plea before the magistrate was in any way referred to in the trial is a most important one. In this case, the former Assistant State's Attorney, although available, was not called to the stand to testify as to whether he had referred to the guilty plea in

his unreported opening statement. We think that his testimony should be taken.

One of the grounds set forth in Dennis' amended petition for post conviction relief was that his so-called "confession" was obtained by the police by means of psychological duress which, in fact, made it an involuntary confession. Dennis also alleged that he was denied the right to obtain and have a copy of the transcript of his trial and that no transcript of testimony was ever prepared, even though the court ordered its preparation. Dennis stated that he was placed in a seriously unfavorable situation with respect to his petition under the Post Conviction Procedure Act because of the lack of the transcript.

In the post conviction hearing, Dennis testified that he had never seen the transcript of his trial. Judge Cardin asked whether the transcript had ever been prepared; Dennis' counsel said he did not think so. Judge Cardin held that Dennis was not entitled to relief on his contention that his confession was involuntary because the allegation was bald and unsupported and because there must be some testimony or evidence in support of the issue. However, if Dennis had been granted access to the transcript, it may well be that he could have supported his allegation by more specific references to the trial proceedings. The court below obviously proceeded on the assumption that the testimony at the original trial had never been transcribed. This assumption and the similar assumption of Dennis' counsel in the post conviction proceeding were erroneous. We have ascertained that the transcript was prepared, as is usual in cases involving capital offenses, and has always been in the office of the clerk of the Criminal Court of Baltimore.

Judge Cardin stated that Dennis' contention that he was denied a copy of the transcript was not a ground available to him in post conviction proceedings, citing *Blevins v. Warden*, 223 Md. 645, 162 A. 2d 444 (1960). However, the question here is a broader one; it affects Dennis' contention that his statements were involuntary and that these admissions violated his constitutional rights. Alleged invasion of a constitutional right can be raised in post conviction proceedings. *Fennell v. Warden*, 236 Md. 423, 204 A. 2d 75 (1964); *Adair v. Warden*, 235 Md. 653, 202 A. 2d 764 (1964).

The State contends that, in any event, the transcript of the original trial need not be furnished unless the applicant for post conviction relief shows why it is necessary for his use and that there has been no such showing here, citing *Bauerlien v. Warden,* 236 Md. 346, 348, 203 A. 2d 880 (1964). In that case, however, it appeared that in the seven years since the trial the reporter's notes had been lost or destroyed and the dialogue of the trial could not be recreated. That is not the case here. We have examined the transcript of the record and there is much in it in respect of the voluntariness *vel non* of Dennis' oral statement and his written confession which followed immediately thereafter. Under the circumstances here present, we think that the petitioner's allegation that he was handicapped in his post conviction proceedings by inability to consult the transcript has merit.

Although tried separately, Dennis was one of four defendants tried in connection with an alleged robbery and murder; one of the other three was John F. Ledbetter. Ledbetter appealed his conviction of murder. This Court affirmed the judgment. *Ledbetter v. State,* 224 Md. 271, 167 A. 2d 596 (1961). In that appeal the voluntariness of Ledbetter's confession was not argued. However, Ledbetter subsequently instituted proceedings under the Post Conviction Procedure Act. One of the grounds on which he claimed relief was that his confession was involuntary. The court below dismissed this contention and the contentions that his arrest and the search of his house were illegal with the statement that these contentions could not be raised in the post conviction proceeding. Ledbetter applied for leave to appeal from the denial of relief under the Act. The Court said that the statement of the lower court that the contentions referred to cannot be raised in a post conviction proceeding is no longer true, under recent decisions of the Supreme Court of the United States. However, the application was denied. *Ledbetter v. Warden,* 234 Md. 643, 200 A. 2d 81 (1964). Judge Henderson, for the Court, referred to the fact that the voluntariness of the confession was not contested at the trial and that counsel for the accused had expressly stated he had no objection to the testimony of the police officers who testified that Ledbetter had been present with the other young

men at the time of the assault and robbery and, to some extent, had participated therein, and that there was an express disclaimer of any objection to the introduction of the written confession by Ledbetter to the participation in the yoking.

Ledbetter thereafter filed a petition in the United States District Court for the District of Maryland for the granting of a writ of habeas corpus. One of the grounds of the petition was the contention that Ledbetter's signed admission was involuntary. Chief Judge Thomsen, after a review of the evidence, agreed with Ledbetter's contention. He found that, under the tests which must now be applied under the decisions of the Supreme Court, the statements given by Ledbetter, introduced in evidence, "must be considered to have been involuntary or coerced by the totality of the circumstances." *Ledbetter v. Warden,* 239 F. Supp. 369, 373 (1965). Judge Thomsen ordered that Ledbetter be released unless the State elects to retry him and does so within a reasonable time. An appeal from Judge Thomsen's granting of the writ is now pending before the Court of Appeals for the Fourth Circuit.

Unlike the situation in respect of *Ledbetter,* the voluntariness *vel non* of Dennis' admission and confession has never been fully considered by any court after his conviction. Dennis did not appeal his conviction and, while he filed a motion for a new trial, the counsel who represented Dennis at his trial testified that the motion was not pursued because its only purpose had been to prevent Dennis from being called as a witness at the trial of his co-defendants.

The transcript of the proceedings in Dennis' trial indicates that his statements were taken by the same officer and at about the same time as the written statement given by Ledbetter. The determination of the Federal District Court that Ledbetter's statement was involuntary is not determinative of the voluntariness of Dennis' statements. We cite the history of the *Ledbetter* litigation only as an indication that Dennis' contention as to the involuntary nature of his statements has not as yet been adequately considered under the Maryland Post Conviction Procedure Act.

Because of the circumstances to which reference has been made, we shall remand the case to the Criminal Court of Balti-

more for the taking of the testimony of the former Assistant State's Attorney who prosecuted Dennis in his original trial and for a full hearing on the voluntariness *vel non* of Dennis' alleged oral admission and written statement. The transcript of the original trial is to be made available to Dennis promptly.

> *Leave to appeal denied except as to the three matters referred to in the above opinion; leave to appeal granted as to those three contentions and case remanded for the taking of further testimony and for findings of fact thereon.*