## STEWART *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 142, September Term, 1965.]

698

*Decided July 26, 1966.*

Before the entire Court.

PER CURIAM.

Joe Dean Stewart seeks leave to appeal from the denial of his petition for post conviction relief from his judgments of conviction of assault, robbery and robbery with a deadly weapon. Stewart was convicted of the above offenses on jury verdicts entered in the Circuit Court for Harford County, Chief Judge Day presiding. At his trial, Stewart was represented by privately retained counsel. After his trial, Stewart's five year sentence for his conviction of robbery was stricken out on motion by his counsel. There remained his fifteen year sentence for his conviction of robbery with a deadly weapon and a five year sentence for his conviction of assault which was to run concurrently with the longer sentence on the more serious offense.

In his petition for post conviction relief, Stewart raised nine contentions: (1) incompetent counsel; (2) improper indict-

ments; (3) prejudice of the trial judge; (4) insufficient evidence for the convictions; (5) illegal instructions to the jury; (6) illegal jury verdicts; (7) illegal adjustment of sentences; (8) denial of his right to be present at the adjustment of his sentences; (9) illegal separate sentences on the several counts. In this application he adds a tenth contention: denial of his right to a transcript of his original trial.

Counsel was appointed to represent Stewart in his post conviction proceedings. After a hearing at which testimony was taken, including the testimony of Stewart's counsel at his original trial, Judge Menchine denied Stewart relief in a memorandum opinion filed November 6, 1965.

The application is denied as to the first eight contentions on the findings and for the reasons stated in Judge Menchine's opinion. The transcript of the post conviction hearing amply supports Judge Menchine's finding that Stewart was competently represented by counsel at his trial. In denying Stewart relief as to his contention of illegal jury verdicts because the offenses relate to a single transaction, Judge Menchine rightly relied on *Avirett v. State*, 76 Md. 510, 25 Atl. 676 (1893) and *Manly v. State*, 7 Md. 135 (1854). See also *Knotts v. State*, 237 Md. 417, 420, 207 A. 2d 100 (1965). In *Matthews v. Warden*, 223 Md. 649, 162 A. 2d 452 (1960), we held that a contention that the trial court failed to instruct the jury properly is not available as a ground for post conviction relief.

Stewart's ninth contention relating to illegal sentences is sound. Judge Menchine properly noted that a fifteen year sentence for armed robbery and a five year sentence for assault are both lawful sentences and that the conviction of assault, a lesser offense, merged with the conviction of armed robbery. The conviction of robbery merged as well. He found, however, that since the remaining five year sentence for assault was concurrent with the longer sentence for armed robbery, the error in the separate sentences was harmless. Where there is a merger, the judgments of conviction and sentences on the lesser offenses will be vacated. *Green v. State*, 243 Md. 75, 220 A. 2d 131 (1966) and *Crowe & Williston v. State*, 240 Md. 144, 213 A. 2d 558 (1965) and cases therein cited. Accordingly, we grant the application as to Stewart's ninth conten-

tion and we remand the application to the lower court to enter an order vacating its judgments of conviction for assault and robbery and his five year sentence for assault.

Stewart's tenth contention as to denial of a right to the transcript of his trial lacks merit. The transcript of the trial need not be furnished without a showing of how it would serve a useful purpose. *Walls v. Warden,* 242 Md. 401, 219 A. 2d 6 (1966) and *Williams v. Warden,* 240 Md. 205, 213 A. 2d 579 (1965). Compare *Dennis v. Warden,* 243 Md. 104, 219 A. 2d 924 (1966).

> *Application granted and case remanded for entry of an order in conformity with this opinion.*