WALTER SZUKIEWICZ *v.* WARDEN, MARYLAND PENITENTIARY

[No. 19, Initial Term, 1967.]

*Decided March 7, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an Order of March 22, 1966, by Judge Albert L. Sklar, sitting in the Criminal Court of Balitmore, denying the Petitioner's application for relief under the Uniform Post Conviction Procedure Act.

On May 29, 1947, the Petitioner was tried before Judge Joseph Sherbow, sitting without a jury. A plea of not guilty by reason of insanity was entered on his behalf by his attorney. The Court rendered a verdict of guilty of murder in the first degree, without capital punishment, having found the Petitioner sane at the time of committing the crime and sane at the time of trial. A motion for a new trial was denied and no appeal was taken. A life sentence in the Maryland Penitentiary was imposed.

Prior to filing the subject Petition, the Petitioner had applied on eight separate occasions for writs of habeas corpus, all of which were denied. The last application was to the Court of Appeals of Maryland, *Szukiewicz v. Warden,* 213 Md. 636 (1957). In 1962, the Petitioner applied for relief under the Uniform Post Conviction Procedure Act. After the appointment of counsel, application to withdraw the Petition was filed and on October 18, 1962, Judge Anselm Sodaro ordered the Petition dismissed without prejudice.

After the filing of the subject Petition, counsel was appointed

and two evidentiary hearings were conducted by Judge Sklar. The Petitioner's application for leave to appeal was prepared by his attorney and sets forth the following contentions:

1. That the Petitioner was illegally and unconstitutionally sentenced.

2. That the testimony of Dr. J. G. N. Cushing was improperly considered at the post conviction hearing.

3. That the trial judge failed to rule on all contentions raised in the petition.

The Petitioner raised sixteen points in his application for post conviction relief, all of which are set out fully in Judge Sklar's Memorandum Opinion and in which he indicates that the only point pressed at the hearings was point number fourteen relating to the sentencing of the Petitioner. Judge Sklar states that no evidence or testimony was given in support of the other points in the Petition and that he, therefore, considered them to be abandoned.

As to the third contention, it is true that under Rule BK 45 b, and the cases which have construed this rule, it is incumbent upon the Judge who conducts the post conviction hearing to make findings of fact upon *all* contentions raised by the Petitioner. *Bauerlien v. Warden,* 236 Md. 346 (1964); *Farrell v. Warden,* 241 Md. 46 (1965); *Washington v. Warden,* 243 Md. 316 (1966); *Hunt v. Warden,* 243 Md. 691 (1966). At the same time, it is the responsibility of the Petitioner and his counsel to submit evidence in support of the contentions. Failure on the part of the Petitioner and his counsel to meet this obligation may well result, as here, in the hearing Judge concluding that the contentions have been either deliberately or unavoidably abandoned for lack of factual evidence to support them. Other than counsel's bare statement, there is nothing before us to controvert the conclusion reached by Judge Sklar that the Petitioner's remaining contentions were abandoned. Cf. *Branson v. Warden,* 239 Md. 15 (1964); *Fennell v. Warden,* 236 Md. 423 (1964).

In any event, we have examined the Petitioner's remaining contentions. A number of them are mere statements, rather than legal contentions, some have been previously raised (*Szukiewicz v. Warden, supra*) and others do not come within the

newly recognized constitutional standards, since the Petitioner's conviction became final some twenty years ago.

Counsel for Petitioner advances no reasons in support of his second contention that the testimony of Dr. J. G. N. Cushing was improperly considered at the post conviction hearing. Dr. Cushing, a psychiatrist, testified at the Petitioner's second hearing "that in his opinion the Petitioner was not insane at the time of his sentencing and, further, that the Petitioner was feigning hysteria at the time of the sentencing". In view of the Petitioner's first contention that he was illegally and unconstitutionally sentenced, the Doctor's testimony was entirely pertinent and therefore was properly admitted and considered by Judge Sklar.

With respect to the Petitioner's first contention, Judge Sklar stated in his Memorandum Opinion that "The transcript of the original trial does not disclose the sentencing of the Petitioner. The Petitioner testified that he was not sentenced in Court and that he only remembers being brought from the City Jail to the lock-up of the Court House. Mr. Figinski, the Petitioner's trial counsel, testified that the Petitioner was hysterical and that Judge Sherbow decided not to sentence the Petitioner in the Courtroom. Both Mr. Figinski and Judge Sherbow went to the lock-up, and there the Petitioner was sentenced. * * * From the testimony before this Court on this Petition, the evidence is clear that Judge Sherbow did, in fact, sentence the Petitioner in the lock-up of the Court House, and that this procedure was followed at the suggestion of Mr. Figinski, attorney for the Petitioner. As a fact, there was no doubt but that the Petitioner was present, represented by counsel and no objection to that procedure being made by Mr. Figinski at that time."

In a Memorandum of Law submitted to Judge Sklar, counsel for the Petitioner contended that since the Petitioner "was not *present* in Court at the time sentence was imposed" by Judge Sherbow it was therefore a nullity and that the Petitioner is entitled to a valid sentence and that under the provisions of Code Art. 27, Secs. 639 and 643 (1957 Cum. Supp. 1966) "it is within the power of the Court to impose a sentence of lesser duration than life and/or to suspend *any sentence* that is imposed."

We see nothing illegal or unconstitutional regarding the sentencing or the circumstances under which it was imposed. It appears that the sentence was rendered on November 4, 1947. The psychiatrist's opinion that the Petitioner was nct insane at the time of the sentencing was based upon his examinations of the Petitioner on November 19th and 26th, 1947. The sentence was imposed in the presence of the Petitioner and his counsel. The fact that the sentencing took place in a room in the Court House designated as a "lock-up" instead of in a room designated as a "Courtroom" does not make it an illegal or unconstitutional sentence, particularly when (a) it was necessitated by the Petitioner's own conduct, (b) the procedure was suggested by his own counsel, *Dutton v. State,* 123 Md. 373, 387-388 (1914); *U. S. v. Kobli,* 172 F. 2d 919 (1949); *Thomas v. U. S.,* 327 F. 2d 379 (1964), and (c) there was no showing that the public was excluded. 21 Am. Jur. 2d, Secs. 267-270; Annotations: 156 A.L.R. 291, 48 A.L.R. 2d 1451, 1452. There is no allegation of non-compliance with Maryland Rule 761 a, *Robinson v. Warden,* 242 Md. 171 (1966).

*Application denied.*