## JOSEPH ROSS *v.* WARDEN, MARYLAND PENITENTIARY

[No. 3, Initial Term, 1967.]

*Decided March 7, 1967.*

50

Before MORTON, ORTH and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a first review for post conviction relief by Judge Joseph M. Mathias, sitting in the Circuit Court for Montgomery County, Maryland.

On June 30, 1948, applicant was found guilty of the crime of rape by a jury in the Circuit Court for Montgomery County, Judges Stedman Prescott, Patrick M. Schnauffer and Charles W. Woodward presiding. He was sentenced to life imprisonment. There was no motion for a new trial filed, nor appeal noted.

On December 7, 1965, applicant filed a petition under the Uniform Post Conviction Procedure Act stating seven contentions. On February 15, 1966, he filed an amended petition stating five contentions. On the same date his court appointed counsel filed an amended petition stating twelve contentions. They are summarized as follows:

1. Illegal arrest and search and seizure incident thereto.
2. Interrogation by the police without benefit of counsel nor being advised of the right to have counsel present.
3. Petitioner was not identified and there was an improper extra-judicial identification.
4. The trial court gave improper instructions to the jury as to identification.
5. The police were told by the complaining witness that Petitioner was not the guilty party but such evidence was withheld and suppressed by the State with or without the knowledge of the prosecuting attorney.
6. Petitioner was prevented from seeing a lawyer for several days after arrest.
7. Petitioner was not taken to the nearest committing magistrate after his arrest.
8. The evidence was insufficient to convict.
9. Petitioner was denied due process and equal protection of the laws.

10. Petitioner was not advised of his right to appeal.
11. Petitioner was denied a transcript of his original trial.
12. The grand jury which indicted him and the petit jury which convicted him were improperly constituted.
13. Witnesses were not called on behalf of the Petitioner.
14. Petitioner's trial was unfair under the circumstances. It was held under such adverse publicity so as to prejudice him and the trial atmosphere was not conducive to fair justice.
15. The jury selection procedure was prejudicial in that Negroes were systematically excluded.

After hearing before Judge Joseph M. Mathias on February 25, 1966, relief was denied. Memorandum and order were filed March 17, 1966.

The application does not contain a statement of the reasons why the order should be reversed or modified as required by Maryland Rule BK 46 b, and may be denied on this ground. However, consideration of the petition on the merits of all the contentions stated, except the fifth, thirteenth, fourteenth and fifteenth, show no grounds entitling applicant for relief under post conviction for the following reasons :

*First Contention*: Where there is no sufficient allegation that any "fruits" of the arrest were used against the applicant in his trial, the legality, vel non, of his arrest is immaterial. *Brown v. Warden*, 240 Md. 710, 213 A. 2d 750 (1965). In addition, since applicant's conviction became final in 1948, well before June 19, 1961, any relief from alleged illegal searches and seizures available to some persons under *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961) would not be available to him. *Mapp* is not retroactive. *Lee v. Warden*, 240 Md. 721, 214 A. 2d 142 (1965), citing *Linkletter v. Walker*, 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 (1965).

*Second and Sixth Contentions*: Applicant does not allege that any statement, admission or confession was elicited from him during the detention and introduced against him at his trial. The contentions are, therefore, immaterial. *Lee v. Warden*, supra. A *voluntary confession*, (Cf. *Davis v. North Carolina*, 384 U. S. 737) even if elicited without benefit of counsel and failure to advise applicant of his right to remain silent before

he confessed, affords no ground for post conviction relief as applicant's conviction had become final before the decision in *Escobedo v. Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964). *Escobedo* is not retroactive. *Hyde v. State,* 240 Md. 661, 215 A. 2d 145 (1965) ; *Ferrell v. Warden,* 241 Md. 432, 216 A. 2d 740 (1966). Nor is there a constitutional requirement that a lawyer be furnished a person suspected of a crime at the time of his arrest. *Walls v. Warden,* 242 Md. 401, 219 A. 2d 6.

*Third and Eighth Contentions*: These contentions go to the weight and sufficiency of the evidence and are not matters for review in a post conviction hearing. *Lee v. Warden,* supra; *Dyson v. Warden,* 233 Md. 630, 196 A. 2d 455 (1965) ; *State v. Long,* 235 Md. 125, 200 A. 2d 641 (1964).

*Fourth Contention*: Improper instructions by the court to the jury goes to the regularity of the proceedings at trial and is not available in post conviction procedures. *Matthews v. Warden,* 223 Md. 649, 162 A. 2d 452 ; *Stewart v. Warden,* 243 Md. 697, 162 A. 2d 452.

*Seventh Contention*: Matters pertaining to lack of or delay in being presented to a magistrate deal with preliminary procedure and cannot be raised on post conviction when it was not raised prior to trial. *Bauerlien v. Warden,* 236 Md. 346, 203 A. 2d 880 (1964). Indeed, there is no requirement that a preliminary hearing be held even if demanded, as such a hearing is not a necessary proceeding in obtaining a valid conviction. *Ferrell v. Warden,* supra.

*Ninth Contention*: This is a bald allegation of denial of constitutional rights without specification and affords no ground for relief. *Thornton v. Warden,* 241 Md. 715, 216 A. 2d 894 (1966).

*Tenth Contention*: Failure by his counsel or the court to advise the applicant of his right to appeal is not the equivalent of a denial of that right and is not a ground for relief in post conviction procedure. *Duckett v. Warden,* 230 Md. 621, 185 A. 2d 712 ; *Cooper v. Warden,* 225 Md. 630, 169 A. 2d 419.

*Eleventh Contention*: A transcript of the original trial need not be furnished unless the applicant for post conviction relief shows why it is necessary for its use. There has been no such

showing here. *Bauerlien v. Warden,* 236 Md. 346, 203 A. 2d 880 (1964) ; *Wade v. Warden,* 240 Md. 346, 214 A. 2d 161 (1965).

*Twelfth Contention*: This is a bald assertion that the grand jury which indicted applicant and the petit jury which convicted him were improperly constituted. It was in all probability inspired by the decision in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965). However, the legal principle announced in that decision is not retroactive. As applicant's conviction became final in 1948, he does not come within the ambit of that case.

The order of Judge Mathias included a memorandum. Contrary to Maryland Rule BK 45 b, the memorandum does not contain all the grounds of the petitions, the questions, including specifically the Federal and State rights involved, and the reasons for the action taken thereon. He states that the petitioner raised five questions which are in substance included in the first, second, third, seventh and eighth contentions herein considered. He discusses the first and second as the only ones to merit discussion. The Court of Appeals has held that the trial court must discuss, or make a finding on, all contentions raised in the petition. *Bauerlien v. Warden,* 236 Md. 346, 203 A. 2d 880 (1964) ; *Fennell v. Warden,* 236 Md. 423, 204 A. 2d 75 (1964). However, we have found that eleven of the contentions raised by the petition as twice amended, afford no grounds for post conviction relief for the reasons herein stated. We have disposed of these contentions without a remand, to avoid useless further consideration thereof. *Duff v. Warden,* 234 Md. 646, 648, 200 A. 2d 78. There remain the fifth, thirteenth, fourteenth and fifteenth contentions.

*Fifth Contention*: The Court of Appeals has held that the suppression or withholding by the State of material evidence exculpatory to an accused is a violation of due process and is ground for relief under the Uniform Post Conviction Procedure Act. The test in determining when a suppression of evidence can be said to amount to a denial of due process is that the evidence withheld was admissible, useful to the defense and capable of clearing or tending to clear the accused of guilt—i.e., exculpatory, or of substantially affecting the punishment to be im-

posed. There is no duty on the prosecution to disclose evidence that is available to the accused or lacking in probative value, or, in some circumstances, evidence that is merely circumstantial. The State's Attorney is chargeable with knowledge of those facts known to the police department representing the local sub-division that has jurisdiction to try the case. *State v. Giles,* 239 Md. 458, 212 A. 2d 101 (1965), cert. granted, 383 U. S. 941 (1967), 35 L.W. 4181; *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854.

There should be a factual determination with regard to this contention.

*Thirteenth Contention:* The Court of Appeals said in *Evans v. Warden,* 240 Md. 333, 335, 214 A. 2d 144:

> "The specific contention of failure to call witnesses, on the face of it, does present a claim on which relief may be granted. As pointed out in *Hyde v. Warden,* 235 Md. 641, 646, the contention of inadequacy of counsel is no longer limited in our post conviction procedure to allegations of fraud or collusion or when objection or complaint has been made in the trial court."

Although no specific allegation of inadequacy of counsel representing applicant at his original trial has been made, the thirteenth contention goes to adequacy of representation. Cf. *Franklin v. Warden,* 235 Md. 619, 201 A. 2d 16.

There should be a factual determination with regard to this contention.

*Fourteenth Contention:* No right of removal was exercised and this contention goes, at least in part, to adequacy of counsel and in part to the conduct of the trial.

There should be a factual determination with regard to this contention.

*Fifteenth Contention:* The Court of Appeals said in *Rayne v. Warden,* 223 Md. 688, 690, 165 A. 2d 474:

> "The mere statement that a Negro has been tried by an all-white jury does not necessarily mean that the accused has been denied any rights—constitutional

or otherwise. *Jackson v. Brady*, 133 F. 2d 476, *cert. denied* 319 U. S. 746. A challenge to an array of jurors, when properly made in the trial court, may be considered on direct appeal, *Lee v. State*, 163 Md. 56, 161 A. 284, but, if the question be not raised in the trial court, it is 'waived in the proceedings resulting in the conviction,' Code (1960 Cum. Supp.), Article 27, Section 645A (a), and is unavailable as a basis for relief under the P.C.P.A. *Galloway v. Warden*, 221 Md. 611."

See also *Williams v. Warden*, 240 Md. 205, 213 A. 2d 579 (1965).

We do not decide at this time whether failure to appeal from the original trial is a waiver of this contention even if a challenge to the array was timely made.

There should be a factual determination whether a challenge to the array was made at the original trial.

In a Report of Investigation filed by the attorney appointed to represent applicant at the post conviction hearing, it is stated that there is no transcript of the original trial which may be read or transcribed due to the inability to learn the name of the reporter.

In *Branson v. Warden*, 239 Md. 15, 209 A. 2d 784, the Court of Appeals said, page 16:

"There can be little doubt that the former procedure of requiring one convicted of crime to raise most of his claimed errors occurring during trial by direct appeal — a procedure which had been adopted by this Court and those of many of our sister states—tended toward an orderly and economical administration of justice. However, recent decisions, which are binding upon us, permit a piecemeal trial of federal constitutional questions in collateral proceedings * * *."

Hence a full evidentiary hearing should have been afforded applicant to support, if he could, his fifth, thirteenth, fourteenth and fifteenth contentions. It may well be that they were abandoned by him at the hearing, but, if this occurred, the safer

course is for the hearing judge to so state in his memorandum. Maryland Rule BK 45 b ; *Branson v. Warden,* supra.

> *Application for leave to appeal granted; and application remanded for further proceedings, consistent with this opinion.*