## LEROY CABINESS v. WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 54, September Term, 1967.]

*Decided December 12, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of May 23, 1967, by Judge J. Harold Grady, sitting in the Crimi-

610

nal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act.

The application is denied for the following reasons:

1. A contention of insufficiency of the evidence produced at the applicant's trial cannot be raised under the Uniform Post Conviction Procedure Act. *Young v. Warden,* 233 Md. 596, *Burgess v. Warden,* 221 Md. 610, *Nixon v. Director,* 1 Md. App. 14, *Ross v. Warden,* 1 Md. App. 46, *Walker v. Warden,* 1 Md. App. 534, *Watson v. Warden,* 2 Md. App. 134.

2. A contention that "petitioner was denied due process of law" is a bald allegation, not considered under the Uniform Post Conviction Procedure Act, *Carney v. Warden,* 235 Md. 676, *McCoy v. Warden,* 1 Md. App. 108, *Ross, supra, Watson, supra.* An examination of the hearing judge's memorandum shows that there was not a complete lack of evidence, *State v. Brown,* 235 Md. 401.

3. As the petitioner's allegation, that his past record was made an issue and was a deciding factor in his conviction, was not supported by facts, it may be disposed of as either a bald allegation not properly considered under the Uniform Post Conviction Procedure Act, *Carney v. Warden, supra,* etc., or an abandoned contention, as Judge Grady in his memorandum states that none of the testimony taken at the hearing touched upon this contention. *Szukiewicz v. Warden,* 1 Md. App. 61, *Carney v. Warden, supra.*

Since the petitioner did not take advantage of his right to a direct appeal from his conviction and under Md. Code (1967 Repl. Vol.), Art. 27, § 645A (c) must be deemed to have waived his right to now raise contentions No. (1) and No. (3).

It should be noted that applicant's application for leave to appeal, prepared by his attorney, failed to comply with Md. Rule, BK 46 b in that no reasons were set forth as to why the lower court should be reversed. This alone would be sufficient to deny relief. *Isaacs v. Warden,* 243 Md. 687, *Norris v. Warden,* 1 Md. App. 69; *Ross v. Warden,* 1 Md. App. 46.

*Application denied.*