JERRY DENNIS *v.* WARDEN, MARYLAND PENITENTIARY

[No. 117, September Term, 1967.]

*Decided July 10, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Dennis was convicted of murder in the first degree by a jury in the Criminal Court of Baltimore and sentenced to life imprisonment on May 11, 1960. No appeal was taken from that judgment.

On April 8, 1965, Dennis filed a petition under the Post Conviction Procedure Act raising eleven grounds for relief, one of which was that his oral and written statements made to the police at the time of his arrest were involuntary and were improperly admitted into evidence at his trial. After conducting an evidentiary hearing on the petition, the court concluded that Dennis's statements were voluntarily made, and that the other contentions raised in the petition were likewise lacking in merit. Dennis's application for leave to appeal to the Court of Appeals of Maryland was granted as to two of the issues raised in the petition, *viz*; (a) whether his statements were voluntary, and (b) whether his guilty plea made at the preliminary hearing was referred to at his trial. As to these questions the court remanded the case to the Criminal Court of Baltimore for the taking of additional testimony and for a full hearing on the voluntariness, *vel non,* of Dennis's oral and written statements. *Dennis v. Warden,* 243 Md. 104. In its opinion granting the application, the Court noted that Dennis was one of four individuals tried, at a separate trial, for the murder and robbery of one Lawrence Doran North; that one of Dennis's co-defendants was John Ledbetter, who, like Dennis, had confessed his involvement in the crime; that Ledbetter's confession was subsequently found involuntary by the District Court of Maryland following an evidentiary hearing upon a petition for habeas corpus, *Ledbetter v. Warden,* 239 F. Supp. 369, that court ordering, in the alternative, a retrial or Dennis's release.[1]

In conformity with the decision of the Court of Appeals, the lower court conducted further evidentiary hearings on Dennis's petition on February 2 and August 24, 1967, at the conclusion

1. The State appealed the District Court's judgment to the United States Court of Appeals for the Fourth Circuit. That Court affirmed the lower court's judgment, 368 F. 2d 49, and the Supreme Court denied the State's petition for a writ of certiorari, 386 U. S. 971.

of which it held that Dennis's guilty plea had not been referred to during his original trial, and that Dennis's statements were voluntarily made.

Dennis then filed his present application for leave to appeal to this Court and we promptly ordered a transcript of the post conviction hearings of February 2, 1967, and August 24, 1967. Our review of Dennis's petition, and of the hearing transcripts, convinces us that there is no evidence to support appellant's contention that his guilty plea entered at the preliminary hearing was referred to at his original trial. We think, however, that the question of whether Dennis's statements made to police, both oral and written, were voluntarily made should be resolved only after the issue has been fully briefed and argued before this Court. We shall, therefore, appoint counsel to represent Dennis with respect to this issue, and shall transfer the case to the regular appellate docket of this Court and hear it at our earliest practicable session after the filing of briefs by the parties.

> *Application for leave to appeal granted as to the question of the voluntariness, vel non, of Dennis's oral and written statements; leave to appeal denied as to all other contentions, the proceedings on appeal to be in accordance with this opinion.*