STATE OF MARYLAND *v.* CLARENCE L. HARDY

[No. 133, Initial Term, 1967.]

*Decided September 29, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On March 17, 1948 Clarence L. Hardy, Jr., was convicted of rape after a jury trial in the Circuit Court for Harford County. He was sentenced to life imprisonment in the Maryland Penitentiary and took no direct appeal. He filed a petition under the Post Conviction Procedure Act on March 24, 1966 in which he advanced the following contentions:

1. That he was denied an extradition hearing. The State illegally arrested him and transported him to Harford County.
2. Denied due process.
3. Deprived of counsel in preparation of his defense.
4. Denied equal protection.
5. Not informed of rights by counsel or court.
6. Not confronted with charges or witnesses until day of trial.
7. Denied legal lineup; identified while alone in cell.
8. His counsel only spoke to him once and in a disrespectful manner.
9. Held incommunicado.

10. Not represented by counsel at arraignment.

11. Not informed of his right to appeal by counsel or court.

12. Denied right of allocution.

A hearing was held on October 28, 1966 before Judge Harry E. Dyer, Jr. in the Circuit Court for Harford County, at the conclusion of which the court, in an oral opinion, ordered that Hardy be granted a new trial. The State filed its application for leave to appeal from that Order on November 23, 1966.

The record discloses full agreement between the petitioner and the State that Hardy was indicted on May 12, 1947 for an alleged rape occurring on September 17, 1946; that he was apprehended in Virginia on January 17, 1948, returned to Maryland the following day, and placed in the Harford County jail; that he was arraigned on February 27, 1948, at which time he pleaded not guilty; that while he was not represented by counsel at the time of his arraignment, two lawyers were appointed by the court to represent him not later than two days after the arraignment; that he was tried and convicted by a jury on March 15, 1948; and that he was sentenced on March 17, 1948.[1]

At the outset of the hearing, and before any of the basic facts above set forth had been presented to the court, or any testimony taken, counsel for the petitioner told the court that he had requested a transcript of the trial proceedings but that the "physical facts" were such that one could not be obtained.[2] Petitioner's counsel then stated that he relied on *Gideon v. Wainwright*, 372 U. S. 335, since that case "applies the right to counsel retrospectively to every substantive stage of a criminal proceeding in Maryland"; that Hardy was in jail in Har-

---

1. During the progress of the post conviction hearing, the court noted that the docket entries indicated that petitioner was arrested and served with a copy of the indictment on May 12, 1947. It was, however, agreed between counsel that this was incorrect and that State's exhibit No. 1, received in evidence—the State Capias—correctly showed on its face that it was "cepied" on January 17, 1948 when Maryland authorities first apprehended petitioner in Virginia.

2. On further colloquy between counsel and the court, it became evident that the court reporter at the trial in 1948 was wholly incapacitated and his notes of the trial could not be transcribed by any other reporter.

ford County from January 18, 1948 to after his arraignment on February 27, 1948 without counsel having been appointed for him; that "prior to the appointment of counsel, with arraignment having clearly taken place some weeks before the trial, there must have been other procedural steps taken, which would have very seriously and grievously affected the Defendant's rights"; and that in view of "all these matters" and considering that "the existing test concerning the adequacy of counsel is whether, under all of the circumstances of the particular case, the Petitioner was afforded a genuine and effective representation," Hardy could not avail himself meaningfully of the remedies available under the Post Conviction Procedure Act without a transcript of the trial.

Prior to hearing any testimony, the hearing judge expressed concern over the unavailability of a transcript, stating that "we don't know whether any constitutional rights regarding confessions and so on may have been violated." He further stated that on the basis of the docket entries, the maximum time that counsel could have had to prepare for trial was fourteen days;[3] and that "with all due respect to the attorneys involved, it's difficult to see how they could prepare a capital case in two weeks or less for trial without any explanation of where the defendant was."[4]

It was against this background that Hardy's trial attorneys were called to testify. One of the Attorneys testified that he

3. The docket entries showed the following with respect to appointment of counsel:
"Mar.    —1948 App. of G. L. Holden and G. H. Cobourn,
    Esq. for deft. (By the Court)"
Since the trial was held on March 15, the court stated that fourteen days was the maximum time available for trial preparation by Hardy's counsel. As it later developed from the testimony of the attorneys at the hearing, the judge's conclusion was substantially correct.

4. At this point in the hearing, it had not been made clear to the court that counsel for the parties were in full agreement that petitioner was apprehended in Virginia and returned to Maryland on January 18, 1948, after which he was lodged in the Harford County jail and thereafter always available to his counsel up to the time of trial.

spoke to Hardy on several occasions in the jail and that he re-called searching for witnesses for the trial. Another of Hardy's attorneys stated that he had no recollection of any preliminary proceedings prior to trial. Neither attorney was asked any other questions concerning the preparation of the case or with re-spect to the conduct of the trial.

On the record thus made in the post conviction proceeding, the hearing judge concluded that petitioner was not asserting incompetency on the part of his attorneys but rather that "it is an allegation of unfair representation because no attorney, no matter how good he is, could have prepared and defended a capital case in less than two weeks, which [is what] he was allowed to get ready." Judge Dyer further observed:

> "Here is a man that's set down for trial on a blank day, probably on the day he was arraigned, which was about two weeks off, and in that time somewhere counsel appointed, very competent and capable coun-sel, but who could have prepared a case. Here's a man they didn't even talk to until then, they didn't know anything about it, there's no evidence of any prelimi-nary hearing, which they could have gone to, the Grand Jury was closed to them, so that they had less than two weeks in which to conduct an investigation of a rape case that was then a year old. That's the accusation, and I don't know what testimony you need. The Docket Entries and what you infer establishes that. I don't know what else he could do."

The hearing judge further indicated, in colloquy with counsel for the State, that in no event could Hardy's post conviction counsel demonstrate that trial counsel was incompetent in the absence of a transcript. The court concluded by additionally noting that there was no way of finding out whether Hardy in-telligently and knowingly waived his right of appeal and his right to make a motion for a new trial.[5]

It appears, therefore, that counsel for the petitioner was urg-

---

5. The docket entries showed that petitioner was sentenced prior to the expiration of the three days after verdict within which he could have moved for a new trial.

ing as his ultimate premise that, under the circumstances of the case, the mere inability to obtain a transcript of the trial, without more, required the granting of a new trial. The court, on the other hand, reached the primary conclusion that there had been a denial of due process because counsel had a maximum of only two weeks to prepare the case and, secondarily, that incompetency of counsel could not be established without a transcript of the trial, which was not available. On the record before us, we must disagree with both counsel for petitioner and the court.

Contrary to the view that Hardy's attorney urged upon the court at the post conviction hearing, *Gideon v. Wainwright,* 372 U. S. 335, deals with representation by counsel at the trial itself, and does not apply the right to counsel "retrospectively to every substantive stage of a criminal proceeding in Maryland." There is no constitutional requirement that a person be granted counsel at the time of arrest. *Walls v. Warden,* 242 Md. 401; *Montgomery v. Warden,* 1 Md. App. 30; *Ross v. Warden,* 1 Md. App. 46; *Cherrix v. Warden,* 1 Md. App. 65; *Sherrod v. State,* 1 Md. App. 433. Furthermore, when a plea of "not guilty" is entered at a preliminary hearing or arraignment, it is not considered to be such a critical stage of the proceedings as to require the presence of counsel. *Baldwin v. Warden,* 243 Md. 326; *Gopshes v. Warden,* 240 Md. 732; *Norris v. Warden,* 1 Md. App. 69; *Crumb v. State,* 1 Md. App. 98. It is abundantly clear that the mere fact that Hardy was not represented by counsel for one month after his arrest and at his arraignment where he entered a plea of "not guilty" does not entitle him to post conviction relief.

It is equally well established that the mere inability to obtain a transcript of the trial proceedings where incompetency of counsel is alleged is not, of itself, ground for granting a new trial. See *State v. Long,* 235 Md. 125, *cert. den.* 379 U. S. 917; *Klein v. Warden,* 233 Md. 603. In *Long,* the petitioner for post conviction relief alleged incompetency of counsel and demanded a copy of the trial transcript. The lower court directed that a transcript be provided the petitioner and when it developed that the court reporter could not, because of crippling illness, transcribe his notes, and no other court reporter could

do so, the court ordered a new trial. The Court of Appeals granted the State's application for leave to appeal and in reversing the lower court's order held that the mere fact that a trial transcript cannot be made available does not, of itself, require or justify the award of a new trial. The court noted that Maryland Rule BK 44 d contemplates that the post conviction court "may receive proof by affidavit or deposition and may also take oral testimony or other evidence, where justice so requires." Observing that review on post conviction "was not designed to test the sufficiency of the evidence or the correctness of the court's rulings * * * but to determine whether the constitutional right of the accused to due process was violated and the trial thereby nullified," the court concluded at page 128:

> "* * * we find no intimation in the cases that counsel can rest on the assumption that his labors are at an end, and his client entitled to release, upon a mere determination that a transcript is unobtainable because a court reporter becomes incapacitated, especially when it is not shown that the transcript would not have been procurable within the time limited for direct appeal. The fact that counsel is placed under a handicap or disadvantage is not enough to require a new trial. Counsel can obtain a statement of the claims of his client, and develop other matters of defense without a transcript. Evidentiary hearings to determine constitutional rights are not uncommon in the Federal District Courts. See *Townsend v. Sain*, 372 U. S. 293. * * *"

We hold, therefore, that a post conviction petitioner asserting incompetency of counsel bears the burden of proving that he was not afforded genuine and effective representation; that the Fourteenth Amendment cannot require the performance of the impossible on the part of the State, so that a new trial cannot be ordered solely on the ground that the trial transcript is unobtainable (see *Groh v. Warden*, 1 Md. App. 674, decided August 25, 1967 and compare *Long v. Iowa*, 385 U. S. 192); that in such circumstances, the post conviction hearing judge, in determining whether a transcript is essential to establish

whether there has been a violation of due process, must first consider the feasibility of receiving the requisite proof by affidavit, deposition, oral testimony or other evidence, as contemplated by Maryland Rule BK 44 d; and that in any event it constitutes error for the post conviction hearing judge to conclude—as the court here did—that incompetency of counsel cannot be shown in the absence of a trial transcript, and that under such circumstances the mere unavailability of such a transcript required that a new trial be granted.[6]

As previously indicated, however, it appears that the court based its granting of a new trial primarily on the ground that counsel had insufficient time to prepare the case for trial. In *Mundell v. State*, 244 Md. 91, the Court of Appeals held that, under the circumstances of that case, eight days was sufficient time within which to prepare a defense. While *Mundell* was not a capital case, of necessity the question of adequacy of time to prepare for trial depends on the facts of each case. The court in *Mundell* succinctly summarized the applicable law as follows (pages 93-94):

"* * * In *Baldwin v. United States*, 260 F. 2d 117 (4th Cir. 1958), *cert.den.* 360 U. S. 938 (1959), where the attorney had six hours to interview the witnesses for the prosecution, the court said (at p. 118) that '[w]hat may be a reasonable time in one case can be quite unreasonable in another, and the sufficiency of the time depends upon what is disclosed to counsel by

---

6. In a similar connection, in *Norvell v. Illinois*, 373 U. S. 420, the Supreme Court held at page 423 that:

"* * * a State, in applying *Griffin v. Illinois*, [351 U.S. 12] to situations where no transcript of the trial is available due to the death of the court reporter, may without violation of the Due Process or Equal Protection Clause deny relief to those who, at the time of the trial, had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to pursue an appeal."

Two recent United States Courts of Appeal cases have interpreted *Norvell* as raising a presumption where a transcript is unavailable through no fault of the State, that a petitioner's attorney adequately protected his rights. See *Guerra v. Rodriguez*, 372 F. 2d 472 (10th Cir. 1967); *Gallegos v. Cox*, 358 F. 2d 703 (10th Cir. 1966).

his client.' In other federal cases—*Turner v. State of Maryland,* 318 F. 2d 852 (4th Cir. 1963), where counsel had less than a half hour to consult with his client; *United States v. Cavell,* 294 F. 2d 12 (3rd Cir. 1961), *cert.den.* 370 U. S. 945 (1962), where counsel was appointed the day of trial; and *Avery v. Alabama,* 308 U. S. 444 (1940), where the case was not reached for trial until the third day after assignment of counsel —the respective times allowed to prepare for trial were held to be adequate. The cases in this State, such as *Pressley v. State,* 220 Md. 558, 155 A. 2d 494 (1959), *Harmon v. State,* 227 Md. 602, 177 A. 2d 902 (1962) and *Johnson v. State,* 237 Md. 283, 206 A. 2d 138 (1965), in which the time allowed to prepare for trial varied from less than one day to more than forty days, the time elements were held to be reasonable under the particular facts and circumstances of each case. In *Pressley* (where the appointment was made on day of trial) counsel was familiar with the case by reason of his representation of the co-defendant. In *Harmon* (where counsel was assigned more than forty days before trial) there was no showing of extraordinary circumstances necessitating a delay. In *Johnson* (where counsel was notified of the trial date two weeks in advance) the State had offered to turn its file over to the defense when the case was assigned for trial. But in *Franklin v. Warden,* 235 Md. 619, 201 A. 2d 16 (1964), the allowance of only ten minutes for court-appointed counsel to confer with his client was properly held to be unreasonable. * * *"

Our review of the record convinces us that Judge Dyer concluded, as a matter of law, that fourteen days was an insufficient time within which to require counsel to prepare a capital case for trial and that Hardy was accordingly denied due process of law. We are of the opinion, in light of *Mundell,* and cases therein cited, that the court below erred in so ruling, as it did so upon no evidentiary foundation. Hardy's trial counsel did not testify on the question of adequacy of time to prepare for trial—an issue upon which they had particular competency to

testify. It may be that under the circumstances of this case, fourteen days time to prepare the case for trial was a constitutionally inadequate time. That, however, is a matter for judicial proof and not abstract assumption, with the burden of carrying such proof being upon the petitioner, and the question of whether counsel sought a postponement or a continuance being a clearly relevant inquiry. See *Harmon v. State,* 227 Md. 602; *Pressley v. State,* 220 Md. 558.

We therefore remand for further proceedings consistent with our opinion, so that the hearing judge will be enabled to make a determination, based upon an evidentiary hearing, of all the issues properly presented in the petition. The hearing judge should make explicit findings of fact on each issue presented, together with appropriate conclusions of law.

> *Application for leave to appeal granted and case remanded for further proceedings consistent with this opinion.*