ROBERT RAY JONES *v.* WARDEN, MARYLAND
PENITENTIARY

[No. 46, September Term, 1967.]

344

*Decided November 3, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

MURPHY, C. J., delivered the opinion of the Court.

On May 4, 1967, Robert Ray Jones filed his second petition in the Circuit Court for Baltimore County under the Uniform Post Conviction Procedure Act asserting therein the following grounds for relief:

1. That he was denied his right to a public trial in violation of the Sixth Amendment to the Federal Constitution.
2. That certain medical reports concerning the condition of the prosecutrix at the time of the alleged crime were introduced as evidence, without the presence of the examining physician, thereby denying petitioner the right to confront and cross-examine said witness against him.
3. That certain mental reports, including the history of petitioner's prior criminal convictions, were introduced as evidence, without the presence of the persons who evaluated petitioner's mental status and prepared said reports, thereby again denying petitioner the right to confront and cross-examine the witness against him.

The State filed a "motion to dismiss" the petition on the ground that the contentions raised in the second petition "could reasonably have been raised" either on direct appeal or at the time Jones filed his first post conviction petition. Acting on the State's motion, the lower court filed a brief order on May 19, 1967 dismissing the petition without opinion, without appoint-

ment of counsel, and without conducting a hearing. Jones's application for leave to appeal from that order was filed on May 26, 1967, and he alleges therein, *inter alia,* that the court erred in denying his petition without appointment of counsel and without a full and impartial hearing. He further asserts in his application that the grounds set forth in his second petition "were not known or available to him at a prior Post Conviction hearing and therefore he did not willfully and intelligently waive his right to raise said issues in a subsequent petition." To determine whether the lower court acted properly in summarily dismissing Jones's second petition necessitates a brief review of the pertinent background facts from the time of his conviction through the time of the filing of his second petition under the Act.

On May 14, 1959, Jones, while represented by counsel, pleaded guilty in the Circuit Court for Baltimore County to separate indictments charging rape and assault. He was sentenced to life imprisonment on the former charge, and ten years on the lesser offense, to run concurrently with the life sentence. On appeal from that judgment, he contended that the court erroneously accepted his guilty pleas, which were not knowingly and intelligently entered, and that certain remarks made by the State's Attorney at the time of sentencing were prejudicial. The Court of Appeals, finding no merit to either contention, affirmed the judgment of conviction on December 15, 1959. *Jones v. State,* 221 Md. 141. The Court, in its opinion, concluded that Jones's guilty pleas were voluntary and that he had been expressly informed by the trial judge, prior to the entry of such pleas, of the nature, consequences and effect thereof.

On July 12, 1962, applicant filed his first petition under the Uniform Post Conviction Procedure Act. Counsel was appointed to represent Jones and he promptly undertook an investigation into the facts of the case, in the course of which he availed himself of considerable pretrial discovery. On October 19, 1965—over three years after his initial appointment—counsel filed an amended petition raising but one contention, namely, that applicant's trial counsel was incompetent in that he did not properly explain the effect of a guilty plea and erroneously advised him to plead guilty because the maximum sentence he

would receive would be twenty years. The amended petition also asserted incompetency of trial counsel on the ground of an alleged failure on counsel's part to make an independent investigation of alibi and other witnesses whose testimony was requested by Jones.[1]

On February 23, 1966, an evidentiary hearing was held on the petition, at the conclusion of which the court (Proctor, J.) delivered an exceptionally detailed and lucid oral opinion in which it held that Jones's decision to plead guilty was made knowingly and voluntarily, and that his trial counsel provided him with constitutionally adequate legal representation. The Court of Appeals denied Jones's application for leave to appeal on November 21, 1966, *Jones v. Warden*, 244 Md. 720, expressly concluding in its opinion that the lower court was correct in its finding that Jones had been afforded adequate and effective representation.

Since a guilty plea, freely and intelligently made, operates as a waiver of all non-jurisdictional defects, constitutional or otherwise, and since by judicial determination of the highest court in the State, Jones's guilty pleas were found to be voluntarily entered, and the legal representation afforded him to have been constitutionally adequate, the lower court could have properly concluded that the contentions sought to be raised by Jones in his second petition were waived as a matter of State substantive law. *Treadway v. Warden*, 243 Md. 680; *Curnyn v. Warden*, 1 Md. App. 450. It appears clear, however, that both the State's motion to dismiss Jones's second petition, and the lower court's order dismissing the petition, were based solely upon the provisions of Maryland Rule BK 48 which, prior to the

---

1. While Jones's first petition was pending before the court, he filed a petition for a writ of habeas corpus on November 1, 1965, alleging therein that his sentence was illegal since no judgment of conviction was ever entered on his guilty plea, and that the Grand Jury which indicted him, and the judge who heard his case, were unconstitutionally required to demonstrate a belief in God. On December 26, 1965, the court denied the petition in a carefully written opinion in which it concluded that the sentence was valid and that the judgment of conviction, being final prior to the decision in *Schowgurow v. State*, 240 Md. 121, was not open to attack on the principles enunciated in that case.

amendment of such provisions on September 1, 1967, read as follows:

"Unless the court finds in a subsequent petition under the Uniform Post Conviction Procedure Act grounds for relief which could not reasonably have been raised in a previous petition under said Act, the court, after response to the petition has been filed by the State, may forthwith dismiss the petition without a hearing or appointment of counsel."

In *Baldwin v. Warden*, 243 Md. 326, the Court of Appeals cautioned trial judges against summarily disposing of subsequent petitions in reliance upon Maryland Rule BK 48 since, after the adoption of that Rule, its statutory precursor, Section 645H of the Act, was repealed by Chapter 442 of the Acts of 1965, effective June 1, 1965. In *Bagley v. Warden*, 1 Md. App. 154, we held that there was no manifest repugnancy between former Rule BK 48 and the substantive provisions of the Post Conviction Procedure Act, as amended by Chapter 442 of the Acts of 1965, and that subsequent petitions under the Act could be dismissed without a hearing or appointment of counsel where the petitioner made no adequate showing in such subsequent petition, as required by Section 645A (c), either of special circumstances to excuse the failure to raise the allegations in prior proceedings, or to rebut the presumption that he intelligently and knowingly failed to raise such allegations.[2] To like effect, see

---

2. Section 645A (c)

*"When allegation of error deemed to have been waived.—* For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

"When an allegation of error could have been made by

*Dyson v. Warden,* 1 Md. App. 469; *Tiller v. Warden,* 1 Md. App. 286; *Curnyn v. Warden, supra.* Nothing in these cases indicates, however, that the former provisions of Rule BK 48 could be given independent application apart from the substantive provisions of the Act, and particularly Section 645A (c) thereof, governing the waiver of allegations not timely asserted.

While it is for the trial judge to initially determine whether allegations asserted in a subsequent petition have been waived under Section 645A (c), we have not remanded cases for failure of the lower court to make that determination where, on application for leave to appeal, it is clear that the requisite factual allegations have not been set forth in the petition. Although Rule BK 48, as amended, effective September 1, 1967, is in its entirety merely a restatement of the provisions of Section 645A (c) of the Act (and thus the problem of the interplay between former Rule BK 48 and the substantive provisions of the Act is now academic), we nevertheless take this occasion to state our view that unless and until further clarification on the point is provided, either by Rule or legislation, governing the necessity for appointment of counsel on a subsequent post conviction petition and for holding a hearing thereon, no such appointment or hearing is required under the existing provisions of the Rules or of the Act, where the subsequent petition, on its face, fails to set forth allegations showing special circumstances tending to rebut the statutory presumption of waiver created by Section 645A (c).[3]

As heretofore indicated, Jones did not raise the contentions which he now seeks to assert either before trial, at trial, on di-

a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

3. Nor need counsel be appointed or a hearing held upon a subsequent petition where it is shown on the face of the petition that the allegations of error sought to be raised have been "finally litigated" within the meaning of Section 645A (b) of the Act.

rect appeal, in his habeas corpus petition, or in his first post conviction petition. He nevertheless contends that there is no waiver of these allegations since he was unaware of their existence or availability, and consequently he could not have knowingly and intelligently waived them under Section 645A (c). With respect to his first contention—that he was denied a public trial—he states that his trial was held in the judge's chambers and that while his counsel agreed to it, he, Jones, did not, and he was not advised by his counsel of his absolute right to a public trial. Respecting his second and third contentions—the alleged lack of confrontation of the witnesses appearing against him—he states only that he was not "advised of his rights" and could in no event waive the constitutional guarantees upon which he relies for relief.

It is, of course, true that the classic definition of "waiver" of a federal constitutional right is that of "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U. S. 458, at 464. While "waiver" is defined in Section 645A (c) in accord with the *Johnson* definition (see *Bristow v. State,* 242 Md. 283), this is so not for the purpose of applying the same substantive standard to determine when a waiver of a federal constitutional right actually becomes effective, but rather for the procedural purpose of creating a rebuttable presumption that such a waiver has in fact occurred where the alleged error has not been timely asserted.[4] The presumption was designed to require an orderly presenta-

---

4. It is recognized that what constitutes an effective waiver of a federal right under the federal constitution is a federal question which may independently and ultimately be determined in a federal forum, *Bristow v. State, supra,* so that a State court's finding of waiver does not bar independent determination of the question by the federal courts on habeas corpus, *Fay v. Noia,* 372 U. S. 391. In other words, while a procedural default (waiver) may debar a challenge in the State court on federal constitutional grounds, a forfeiture of State remedies does not affect the jurisdiction of the federal courts on habeas corpus. Even a strategic decision by counsel in which a State court defendant did not participate to waive a federal constitutional right is not automatically barred from consideration on habeas corpus in a federal forum. See *Henry v. Mississippi,* 379 U. S. 443.

tion of contentions—a valid State interest—and does not unduly impede the hearing of federal constitutional claims. *Strosnider v. Warden*, 245 Md. 692. Indeed, no federal constitutional requirement has as yet been articulated requiring that the states afford State prisoners with any post conviction corrective process for the hearing and determination of claims of violation of federal constitutional guarantees. See *Case v. Nebraska*, 381 U. S. 336. By its early enactment of the Post Conviction Procedure Act, Maryland was in the vanguard of states providing a statutory post conviction remedy to test denial of federal constitutional rights, and to condition the right to relief upon compliance with the statute's procedural machinery, including the rebuttable presumption of waiver, is within the State's constitutional prerogative.

It is plain to us that Jones could have made the allegations presented in his second petition either at trial, on direct appeal, in his first post conviction petition, or in his habeas corpus petition. In view of the nature and substance of the allegations, to simply allege that he did not know of the existence or availability of them, and that his counsel did not advise him concerning them, does not present "special circumstances" excusing Jones's failure previously to assert them. Cf. *Washington v. Warden*, 243 Md. 316, where special circumstances were shown to exist; and *Dennis v. Warden*, 243 Md. 104. And it is no answer to say that constitutional rights cannot be waived, for it is well settled that the contrary is so, *Smith v. State*, 240 Md. 464; indeed, it is well recognized that there are situations in which a defendant may be bound by the reasoned tactical actions of his counsel taken without that defendant's expressed consent and participation. See *Henry v. Mississippi, supra; Bristow v. State, supra.*

By way of summary, therefore, we hold that the application must be denied, either because (a) the court below could have summarily disposed of applicant's second petition on the ground that his guilty plea, knowingly and voluntarily made, while represented by competent counsel, was a waiver of all non-jurisdictional defects, constitutional or otherwise, or (b) that the petition could have been summarily dismissed, without appointment of counsel or a hearing, on the ground that it alleged no

"special circumstances" rebutting the presumption of waiver created by Section 645A (c). In so concluding, we find apposite that principle recited by the Supreme Court in *Sanders v. United States*, 373 U. S. 1, at page 18, namely that in dealing with successive applications for post conviction relief, courts need not "tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." [5]

*Application denied.*

---

5. We note that none of the contentions which Jones raises in his second petition come within the coverage of Section 645A (d) of the Act, involving the retrospective application of constitutional standards, procedural or substantive, which would affect the validity of petitioner's conviction or sentence.