## JOHNNIE ERVING *v.* WARDEN, MARYLAND PENITENTIARY

[No. 74, September Term, 1967.]

*Decided August 14, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

MORTON, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order filed June 27, 1967 by Judge Albert L. Sklar, sitting in the Criminal Court of Baltimore, denying relief sought in a second petition under the Uniform Post Conviction Procedure Act.

Applicant sets forth five contentions in his petition:

(1) He was denied due process in that he was denied counsel during critical stages of his case, namely, the preliminary hearing, the coroner's inquest, and the arraignment.

(2) He was denied and deprived of witnesses in his favor.

(3) He was denied the right of a jury trial and the right to appeal.

(4) His court appointed attorney was incompetent.

(5) He was illegally and unconstitutionally indicted under the rationale of *Schowgurow v. State,* 240 Md. 121.

In a supplement to his petition, dated April 17, 1967, the applicant seems to allege the additional contention that:

(6) He did not receive a fair and impartial trial (under the rationale in various cases which he cites in his petition).

. Judge Sklar summarily denied the relief sought on the grounds that since the contentions could have been raised at the applicant's prior hearing under the Uniform Post Conviction Procedure Act, they could now be dismissed without a hearing or appointment of counsel under the authority of Maryland Rule BK 48.

Petitioner was tried on August 6, 1954 and sentenced on August 13, 1954, to life imprisonment for first degree murder. No appeal was taken. His first petition under the Uniform Post Conviction Procedure Act was filed on August 29, 1960 and was dismissed in an order filed on March 16, 1961 by Judge Joseph L. Carter. No application for leave to appeal from this

order was filed. The present petition is his second, and was filed on November 21, 1966.

Former Maryland Rule BK 48, which was in effect at the time of Judge Sklar's decision in this case, provides:

> "Unless the court finds in a subsequent petition under the Uniform Post Conviction Procedure Act grounds for relief which could not reasonably have been raised in a previous petition under said Act, the court, after response to the petition has been filed by the State, may forthwith dismiss the petition without a hearing or appointment of counsel."

In *Jones v. Warden,* 2 Md. App. 343, we pointed out that the Maryland Court of Appeals in *Baldwin v. Warden,* 243 Md. 326, cautioned trial judges against summarily disposing of subsequent post conviction petitions in reliance upon former Rule BK 48 since, after its adoption, its statutory precursor, Section 645H of the Act, was repealed by Chapter 442 of the Acts of 1965, effective June 1, 1965. We observed in *Jones* at page 347 that there was no manifest repugnancy between former Rule BK 48 and the substantive provisions of the Post Conviction Procedure Act, as amended by Chapter 442 of the Acts of 1965, and that subsequent petitions under the Act could be dismissed without a hearing or appointment of counsel where the petitioner made no adequate showing in such subsequent petition, as required by Section 645A (c), either of special circumstances to excuse the failure to raise the allegations in prior proceedings, or to rebut the presumption that he intelligently and knowingly failed to raise such allegations. But as *Jones* makes clear, the provisions of former Rule BK 48 could not be given independent application apart from the substantive provisions of the Act, and particularly Section 645A (c) thereof, governing the waiver of allegations not timely asserted. While it is thus for the trial judge to initially determine when allegations asserted in a subsequent petition have been waived under Section 645A (c), we have not always remanded the case for failure of the trial judge to make that determination where it is clear from the application for leave to appeal that

the requisite factual allegations had not been set forth in the petition.[1]

Assuming for the purposes of this case that applicant's first and fifth contentions were not waived by failing to take a direct appeal or to raise them in the first post conviction petition, nevertheless we think they can afford the applicant no relief. As to the first contention, the applicant has not shown that the preliminary proceedings were critical stages of the criminal prosecution. See *Arrington v. Warden*, 232 Md. 672; *Simms v. Warden*, 234 Md. 652. In fact, petitioner entered a plea of "not guilty" at his arraignment on March 3, 1954. This has been held to demonstrate that no prejudice resulted. See *Hall v. Warden*, 235 Md. 675. Even if we were to assume that a guilty plea at a preliminary hearing was given, it must be shown that the State made a reference to this plea during the trial for this to afford grounds for relief. *Lumpkin v. Director*, 233 Md. 606; *Dennis v. Warden*, 243 Md. 104. No reference to such a plea is involved in this case.

Nor will applicant's fifth contention afford him relief as it has been held that *Schowgurow v. State, supra,* is not to be given retroactive application. *Ralph v. Warden*, 245 Md. 74; *Ross v. Warden*, 1 Md. App. 46. Since applicant's criminal proceeding became final in 1954, he cannot bring himself within the aegis of this ruling.

Applicant's second and fourth contentions were presented in his first post conviction contention. After an evidentiary hearing, the court there concluded, as a matter of fact, that the applicant's legal representation at the trial was in all respects competent; and that the alleged missing witnesses were to testify with respect to applicant's drunkenness at the time of the crime, a status of which there was much evidence adduced at the trial on appellant's behalf. While no application for leave to appeal was filed from the denial of applicant's first post conviction petition, and thus these contentions cannot be deemed "finally litigated" within the meaning of Section 645A (b),

---

1. Rule BK 48, as amended effective September 1, 1967, is, in its entirety, a restatement of the provisions of Section 645A (c) of the Act.

we think these contentions are such as will not afford applicant any relief under his present petition.

Applicant's third contention was not raised in his first post conviction petition and we find no special circumstances in his present petition tending to rebut the statutory presumption of waiver created by Section 645A (c).

Applicant's sixth contention is merely a bald allegation without any showing of how the cases relied upon by the applicant apply to his original trial. As such, it will afford him no relief. *Baldwin v. Warden, supra; DeVaughn v. Warden,* 241 Md. 411.

*Application denied.*