LORENZO DAVIS, JR. *v.* STATE OF MARYLAND

[No. 161, September Term, 1978.]

*Decided October 16, 1978.*

The cause was argued before GILBERT, C. J., and MORTON and THOMPSON, JJ.

*Jess G. Schiffmann, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Alice G. Pinderhughes, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City, David Katz* and *Gary Bass, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant, Lorenzo Davis, Jr., was convicted by a jury in the Criminal Court of Baltimore (Carter, J.) on July 15, 1966, on charges of armed robbery and assault with intent to murder. Subsequently, he received consecutive sentences totalling fifty years. His convictions were affirmed by this Court in an unreported opinion, No. 311, September Term, 1967, filed July 2, 1968.

Davis filed a petition for post conviction relief on October 19, 1977, pursuant to which a hearing was held in the Criminal Court of Baltimore (Greenfeld, J.). The hearing judge denied relief and this Court granted Davis leave to appeal from that decision. The case was transferred to our regular docket, briefs were filed and oral arguments of counsel were received.

Appellant raised a defense of alibi at this trial twelve years ago. On that issue the trial judge instructed the jury in the following manner:

"If the jury considering all the evidence, inculpatory and exculpatory, entertain a reasonable doubt of the defendant's participation in the crime, they should acquit him. Thus a defendant is entitled to acquittal if the alibi testimony, taken into consideration with all the other evidence in the case, raises a reasonable

doubt of guilt. *But, in order to prove an alibi conclusively the testimony must cover the whole time in which the crime by any possibility might have been committed and it should be rigid, it should be subjected to rigid scrutiny."* (Emphasis added.)

As Judge Greenfeld properly pointed out, the last sentence in the above-quoted instruction is "virtually identical" to the language which *State v. Grady,* 276 Md. 178 (1975) held to be defective as placing an impermissible burden of proof on the defendant. Accordingly, as the hearing judge noted, the issue is whether an erroneous alibi instruction, not objected to at trial, may now afford appellant a basis for post conviction relief.

Appellant challenges the denial of relief on three grounds. First, he seeks to invoke the aid of Code, art. 27, § 645A (d), which provides:

" * * * no allegation of error shall be deemed to have been finally litigated or waived where, subsequent to any decision upon the merits thereof or subsequent to any proceeding in which said allegation otherwise may have been waived, any court whose decisions are binding upon the lower courts of this State holds that the Constitution of the United States or of Maryland imposes upon State criminal proceedings *a procedural or substantive standard not theretofore recognized,* which such standard is intended to be applied retrospectively and would thereby affect the validity of the petitioner's conviction or sentence." (Emphasis added.)

Appellant argues that *Grady* overruled existing Maryland law with respect to the alibi defense. We conclude, however, that his reliance on *Grady* is misplaced.

*Grady* acknowledged that an alibi instruction which seemed to place the burden of proof on the defendant violated the dictates of *In Re Winship,* 397 U. S. 358 (1970), as extended

and clarified by *Mullaney v. Wilbur,* 421 U. S. 684 (1975).[1] The Court of Appeals in *Grady,* however, also made it clear that the principle that "it is incumbent upon the State to prove a defendant's guilt beyond a reasonable doubt" was already "well established by the many decisions of this Court." (Citations omitted.) *Grady,. supra,* at 181. While the instruction in *Grady,* as in the present case, was apparently based on dicta contained in *Floyd v. State,* 205 Md. 573 (1954), the Court observed that such an instruction was an "erroneous interpretation" of *Floyd.*[2] *Grady, supra,* at 183-84. For these reasons, we reject appellant's contention that *Grady* created "new law" within the meaning of § 645A (d), since the relief provided by that section is triggered only when a standard "not previously recognized" is imposed upon the State's trial courts. Here, the standard in question, that the State must prove every element of the alleged crime beyond a reasonable doubt, has "long been in effect in Maryland." *Id.* at 182.

Davis argues next that even if he is not entitled to relief under § 645A (d), he is, nonetheless, entitled to a new trial under § 645A (c) on the ground that he did not "intelligently and knowingly" waive his right to object to the faulty alibi instruction. His only claims in support of this contention are that "the law regarding alibi evidence was then commonly misunderstood by most of the bench and the bar in Maryland" and that he was "ignorant of the law and relied on counsel."

Section 645A (c) creates a rebuttable presumption that "a waiver has in fact occurred where the alleged error has not been timely asserted." *Jones v. Warden,* 2 Md. App. 343, 349 (1967). This proposition has since been restated on several

---

1. In Winship, the Supreme Court held that the due process clause of the fourteenth amendment requires proof beyond a reasonable doubt of every element of an alleged crime. Mullaney extended the Winship rationale to jury instructions which tended to shift to the defendant any part of the burden of proof properly allocated to the prosecution.

2. We think it is worthwhile to note that the confusion engendered by the Floyd dicta in no way indicates that the state of the law in Maryland was ever contrary to the pronouncements of Grady. Moreover, appellant admits that there were never any appellate cases in Maryland endorsing the view that a defendant assumes any part of the burden of proof when an alibi defense is introduced.

occasions by this Court, most recently in *Curtis v. State,* 37 Md. App. 459 (1977), where we found that § 645A (c) establishes "a presumption of waiver from mere silence." *Curtis, supra,* at 469. To rebut this statutory presumption of waiver, a petitioner must show "special circumstances" which would excuse his previous failure to object to the error.

We find appellant's allegations insufficient to establish the "special circumstances" required by the statute. As Chief Judge Murphy stated, writing for this Court in *Jones:*

> "In view of the nature and substance of the allegations, *to simply allege that he did not know of the existence or availability of them, and that his counsel did not advise him concerning them,* does not present 'special circumstances' excusing Jones's failure previously to assert them." *Jones, supra,* at 350. (Emphasis added.)

We think the rationale of *Jones* is controlling here. Appellant argues only that he was "ignorant" of the law, that he relied on counsel and that the state of the law of alibi was confused. Where the statute places the burden of showing "special circumstances" squarely on the petitioner, such general allegations are clearly inadequate.[3]

Appellant finally contends that the failure of his attorney "to be aware of the error in the instruction deprived him of effective assistance of counsel."[4] The test for competency, as applied in post conviction proceedings, is "whether, under all the circumstances of the particular case, counsel was so incompetent that the accused was not afforded genuine and effective legal representation." *State v. Mahoney,* 16 Md. App. 193, 201 (1972). Moreover, the burden is on the petitioner

---

**3.** *See* Washington v. Warden, 243 Md. 316 (1966), for a case where "special circumstances" were found to exist. In Washington, the petitioner had been diagnosed as "paranoid, schizophrenic and psychotic" and was obviously unable to assist counsel in his own defense.

**4.** It should be noted that there is no evidence before us pertaining to the "awareness" of appellant's attorney; his decision not to object could have been based on tactical considerations. If this were the case, no relief would be available as it is well established that mere tactical errors are "not sufficient to constitute incompetency of counsel." Hall v. Warden, 224 Md. 662, 665 (1961).

to prove that he was *not* afforded such representation. *State v. Hardy,* 2 Md. App. 150 (1967).

The mere assertion that his attorney may have been unaware of an error in an instruction is insufficient to carry appellant's burden on the competency issue. The record indicates that four prosecution witnesses identified Davis at trial as the man who committed the robbery. Appellant's lone alibi witness was a woman with whom he was living at the time of the robbery. Under such circumstances, and absent any other allegations of incompetency, we conclude that the failure to object to the instruction, "even if an improper exercise of judgment" by Davis's attorney, was not "so prejudicial, beyond a reasonable doubt, as to deny him the effective assistance of counsel * * *," *Mahoney, supra,* at 207.

> *Judgments affirmed; costs to be paid by appellant.*