SPIROS ANDREA PROKOPIS *v.* STATE OF
MARYLAND

[App. No. 48, September Term, 1981.]

*Decided September 2, 1981.*

Before MOYLAN, MOORE and LOWE, JJ.

Submitted by *Dene L. Lusby* for applicant.

Submitted by *Stephen H. Sachs, Attorney General,* and
*Andrew L. Sonner, State's Attorney for Montgomery County,*
for respondent.

Lowe, J., delivered the opinion of the Court.

Although we are admonished by the Maryland Constitution to write an opinion in "every case" submitted to us, doing so simply to deny an application for leave to appeal a post conviction petition as has been a custom in the past was giving the devil more than his due. Whether we can afford that luxury in the future will depend upon our ever increasing workload. Upon occasion, however, we have written — and will continue to write — and publish our reasons for granting or denying such applications, to provide citable authorities as precedent for the determination of these applications and as some guidance to trial judges hearing the initial petitions. Such infrequent publications are necessitated by the apparent statutory preclusion of certiorari by the Court of Appeals from our denials. Without benefit of its learned expositions on such matters, we are left to enlighten as best we can.

It is for those reasons that we have chosen to expand upon the application of Spiros Andrea Prokopis whom a Montgomery County jury convicted of rape and related sexual offenses on November 3, 1978. The convictions were affirmed by this Court in an unreported per curiam opinion, *Prokopis v. State,* No. 547, September Term, 1979, filed January 22, 1980. The Court of Appeals denied certorari, 287 Md. 756 (1980).

On March 24, 1981, applicant filed a pro se petition for post conviction relief, (Md. Code, Art. 27, § 645A - 645J). On April 28, 1981, applicant's attorney filed an "Amended Petition for Post Conviction Relief" which raised three additional grounds for relief. A hearing on the combined petitions was held on May 1, 1981 before Judge Joseph M. Mathias in the Circuit Court for Montgomery County. By a "Memorandum Opinion and Order" filed June 5, 1981, Judge Mathias denied applicant relief. Subsequently, through his attorney, applicant filed an application for leave to appeal to this Court. On June 29, 1981, applicant filed, pro se, a supplemental application. In the two applications (which we shall treat as one), applicant complained that:

1.  The trial court committed reversible error when, in instructing the jury, it failed to distinguish the law-judging functions of the judge from those of the jury;
2.  trial counsel rendered ineffective representation by failing to take exception to the trial judge's "faulty instructions;"
3.  trial counsel rendered ineffective assistance because he failed to ascertain that applicant (who is of Greek origin) understood English well enough to comprehend the proceedings.

Applicant's first complaint concerns the trial judge's instructions to the jury.[1] He has cited *Stevenson v. State*, 289 Md. 167 (1980), as authority for his position. In *Stevenson*, Judge Digges explained what type of instruction a court should give a jury regarding "the law - judging function between judge and jury."

"[I]t is incumbent upon a trial judge to carefully delineate for the jury the following dichotomy: (i) that the jury, under Article 23, is the final arbiter of disputes as to the substantive 'law of the crime,' and that any comments by the judge concerning these matters are advisory only; and (ii) that, by virtue of this same constitutional provision, all other aspects of law (e.g., the burden of proof, the requirement of unanimity, the validity of a statute) are beyond the jury's pale, and that the judge's comments on these matters are binding upon that body." *Stevenson v. State, supra* at 180.

From our reading of the record, it is apparent that the hearing judge assumed that applicant's complaint concerned the failure of the trial judge to give the *Stevenson* instruc-

---

1. There was a time when this Court did not consider jury instructions, regardless of their subject matter, to be an issue which could even be raised in post conviction proceedings. Ross v. Warden, 1 Md. App. 46 (1967). Since, at least Davis v. State, 285 Md. 19 (1979), however, the Court of Appeals has considered that in appropriate circumstances post conviction relief may be available for matters relating to jury instructions.

tion. For purposes of this opinion we shall accept his assumption. The hearing judge nonetheless denied applicant relief because he had failed to raise the issue of the jury instruction in his prior direct appeal, thereby having waived his right to complain about the instructions in post conviction proceedings, Md. Code, Art. 27, § 645A (c). Applicant presents us with three reasons why we should find this ruling incorrect.

First, he contends that the hearing judge erred in not applying the plain error rule set forth in Md. Rule 757 h. He suggests that a post conviction hearing judge is authorized to recognize plain error and correct it. The rule, however, is simply not applicable to post conviction proceedings.

In urging that we now apply the plain error rule applicant is actually requesting that we consider this proceeding, not as an application for leave to appeal a denial of post conviction relief, but to recognize it as a direct appeal. We are not empowered to do so, however, even if we were so inclined. The Court of Appeals has held that post conviction may not be employed as a substitute for a direct appeal. See *Kelly v. Warden,* 243 Md. 717 (1966). Since post conviction may not be used as a substitute for a direct appeal, we may not, under the guise of applying the plain error rule, permit the rule to override the post conviction statute, § 645A (c), under which the hearing judge had determined that the jury instruction issue had been waived. On the contrary, while Art. 27, § 645A (c) obviously applies to post conviction proceedings, Md. Rule 757 h. does not. Applicant's sleight of hand will not avail.

Applicant also believes the hearing judge erred in finding the jury instruction issue was waived under § 645A (c). Applicant asserts that before a § 645A (c) waiver can be determined it must be shown it was made "intelligently and knowingly" and that his actions in this case cannot be deemed an intelligent and knowing relinquishment of his rights. His legal premise is erroneous. *Davis v. State,* 285 Md. 19, 31-35 (1979).

*Davis* concerned an improper alibi instruction. At the time of Davis' trial a "canned" alibi instruction was in general

use. Such an instruction was given in Davis' trial and no objection to it was noted. Subsequent to the trial, the Court of Appeals issued a decision that established a new standard for alibi instructions. On the basis of the Court of Appeals subsequent decision, Davis filed a post conviction petition requesting a new trial. The Court of Appeals explained that the "intelligent and knowing" standard did not apply to all allegations made in post conviction proceedings but only to those that the waiver concept of *Johnson v. Zerbst,* 304 U.S. 458 (1938) and *Fay v. Noia,* 372 U.S. 391 (1963) applied. The Court of Appeals has subsequently labeled the allegations governed by *Johnson v. Zerbst* and *Fay v. Noia* as "fundamental constitutional rights." See *State v. Magwood,* 290 Md. 615 (1981), (No. 118, September Term, 1980, filed July 2, 1981). The Court of Appeals in *Davis* did not find an instruction on the law of alibi (that was improper because it unlawfully shifted the burden of proof to the accused) to concern a fundamental constitutional right requiring the intelligent and knowing standard to be waived; nor do we believe the failure to have given the requested instruction in this case (such as it may have been) required an "intelligent and knowing" standard of waiver. As in *Davis,* the jury instruction issue raised in this case has been waived by applicant's failure to raise the issue when on direct appeal.

In his pro se application, applicant asserts what we perceive to be his third reason why the hearing judge erred in finding the jury instruction issue to be waived. Applicant acknowledges that *Stevenson v. State, supra,* is not retroactive but contends that "[t]his case is covered by the principle laid down in *McClain v. State,* 288 Md. 456 (1980)." Applicant does not state why the *McClain* case entitles him to relief, but regardless of his reasoning, it is apparent that the case does not afford him succor. The Court of Appeals in *McClain* held that even though one of its decisions was not retroactive, the holding in such case would apply to any other case pending on appeal, as long as the same issue was raised below. The *McClain* holding does not apply in this case because applicant did not make any objection to the jury instructions at his trial.

As an alternative pro se complaint applicant asserts that his trial counsel rendered ineffective assistance because it was he who failed to object to the trial court's failure to instruct the jury about its law-judging function. In reviewing the law regarding competency of counsel, Judge Mason speaking for this Court in *State v. Lloyd,* 48 Md. App. 535, 540 (1981), explained:

> "The test to be applied in determining if a defendant in a criminal case was denied effective assistance of trial counsel is whether under all of the circumstances of the particular case a defendant was afforded genuine and effective representation. *Slater v. Warden,* 241 Md. 668, 673, 217 A.2d 571 (1966); *State v. Mahoney,* 16 Md. App. 193, 201, 294 A.2d 471 (1972). *See also Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir. 1977), *cert. denied,* 435 U.S. 1011 (1978) where the Court, relying on *McMann v. Richardson,* 397 U.S. 759 (1970), held that the test for judging effective assistance of counsel is not whether representation was so poor as to make a farce of the trial, but whether the defense counsel's representation was within the range of competence demanded of attorneys in criminal cases. Moreover, the burden is on the defendant to prove that defense counsel's representation was not effective. *State v. Hardy,* 2 Md. App. 150, 156, 233 A.2d 365 (1967). 'Each case wherein ineffective assistance of counsel is asserted, must necessarily be decided upon the facts of that case.' *Thomas v. State,* 516 S.W.2d 761, 765 (Mo. Ct. App. 1974)."

The hearing judge in his memorandum observed that "[t]he instructions given by the trial judge followed the format used for generations in this State." He stated that since defense counsel had not acted differently from what could be expected of any other "reasonably competent practitioner" there was no reason to find counsel incompetent under the test for determining competency of counsel. We concur with this ruling.

Finally, applicant complains that his counsel did not genuinely and effectively represent him because "a language barrier existed." Applicant states that he is of Greek origin and not fluent in English. Because of this, he asserts that he was unable to participate in his defense. We find no merit in this contention because there was no evidence presented in this record that applicant had or has any difficulty understanding the English language. The fact that applicant is of Greek origin does not mean he cannot understand English. Since there was no evidence that applicant could not understand English, there was no basis to afford applicant relief.

*Application for leave to appeal denied.*