# ANTHONY TYRONE WARD v. STATE OF MARYLAND

[App. No. 136, September Term, 1981.]

*Decided July 8, 1982.*

Before GILBERT, C. J., and MORTON and THOMPSON, JJ.

Submitted by applicant *Anthony Tyrone Ward* in proper person.

Submitted by *Stephen H. Sachs, Attorney General,* and

*William A. Swisher, State's Attorney for Baltimore City,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

On February 2, 1979, Anthony Tyrone Ward, the applicant, was convicted by a jury in the Criminal Court of Baltimore (Perrott, J.), of burglary and was sentenced to three years' imprisonment consecutive "with any sentence for violation of parole." The conviction was affirmed by this Court in an unreported per curiam opinion, *Ward v. State,* No. 1049, September Term, 1979, filed April 30, 1980. A petition for reduction of sentence was denied on March 31, 1981.

On November 18, 1981, applicant filed his first petition seeking post conviction relief. (Art. 27, Sec. 645A — 645J). A hearing on the petition was held on December 30, 1981, and was denied by a "Memorandum Opinion" filed January 5, 1982. Applicant sought leave to appeal that denial. In an unreported opinion, *Ward v. State,* Application for Leave to Appeal, No. 136, September Term, 1981 we neither granted nor denied the application but remanded the case for the hearing judge to file a written memorandum containing "findings of facts" on the competency of counsel issue. The hearing judge's second "Memorandum Opinion" was filed on April 22, 1982 and, pursuant to our prior mandate, the record was returned to us.

The only issue presented in this application is whether applicant's trial counsel was ineffective because he failed to request certain jury instructions.

## The Hearing Judge's Ruling

In denying applicant's complaints of trial counsel incompetency, the hearing judge stated that "[t]he trial record, when viewed as a whole, demonstrates that petitioner was afforded a high level of legal representation." He did not, however, set forth any reasons to support his findings. In view of this blanket conclusion, we are unable to properly

evaluate the merits of the present application. As we must again remand this case, we shall expound upon the mandated procedure where a hearing judge is required to determine whether trial counsel rendered incompetent representation.

## The Law

In *State v. Lloyd,* 48 Md. App. 535, 540, 429 A.2d 244 (1981), we reviewed the law regarding competency of counsel and explained:

> "The test to be applied in determining if a defendant in a criminal case was denied effective assistance of trial counsel is whether under all of the circumstances of the particular case a defendant was afforded genuine and effective representation. *Slater v. Warden,* 241 Md. 668, 673, 217 A.2d 571 (1966); *State v. Mahoney,* 16 Md. App. 193, 201, 294 A.2d 471 (1972). *See* also *Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir. 1977), *cert. denied,* 435 U.S. 1011 (1978) where the Court, relying on *McMann v. Richardson,* 397 U.S. 759 (1970), held that the test for judging effective assistance of counsel is not whether representation was so poor as to make a farce of the trial, but whether the defense counsel's representation was within the range of competence demanded of attorneys in criminal cases. Moreover, the burden is on the defendant to prove that defense counsel's representation was not effective. *State v. Hardy,* 2 Md. App. 150, 156, 233 A.2d 365 (1967). 'Each case wherein ineffective assistance of counsel is asserted, must necessarily be decided upon the facts of that case.' *Thomas v. State,* 516 S.W.2d 761, 765 (Mo. Ct. App. 1974)."

Thus, when a hearing judge is required to determine whether trial counsel rendered incompetent representation he must not only ascertain what trial counsel did or failed to do, he must also weigh counsel's actions in the context of the

particular case. Where, as here, the incompetency claim is based on counsel's actions with respect to jury instructions, the following three step analysis provides an appropriate means to resolve the question.

*Step One. Determine if defense counsel erred.*

The first determination under the facts of this case is whether defense counsel was wrong in failing to object or in failing to offer appropriate instructions. We shall consider both types of errors separately.

a. Failure to object to incorrect instruction

If the petitioner claims that the trial judge gave an improper instruction to which his defense counsel did not object,[1] the hearing judge must first examine the instruction itself. If the instruction was a proper statement of law there would be no error in the defense counsel's failure to object and, in such case, the post conviction complaint should be dismissed. If, on the other hand, the petitioner is correct in his claim that the trial judge gave an incorrect instruction, counsel's failure to object to the incorrect instruction would constitute error. The mere existence of this type of error does not, however, warrant a finding of incompetency absent an inquiry by the hearing judge into the reason for counsel's neglect. This determination is accomplished in step two.

b. Failure by defense counsel to request appropriate instruction.

If the basis for petitioner's claim of error is that his counsel failed to request a particular instruction, the hearing judge must make two determinations. First, he must determine whether the unrequested instruction correctly sets forth the

---

1. If defense counsel notes a proper objection to a trial court's incorrect instruction or incorrect refusal to instruct, a direct appeal should be filed and the issue pursued in the direct appeal. Failure to do so usually effects a waiver of the issuer for purposes of subsequent post conviction petitions. Tiller v. Warden, 1 Md. App. 286, 229 A.2d 600 (1967). If an appeal is noted but appellate counsel fails to present the subject of the improper instructions to the appellate court, a subsequent post conviction petition based on incompetency of appellate counsel may lie. *See,* Wilson v. State, 284 Md. 664, 399 A.2d 256 (1979), *cert. denied,* 446 U.S. 921 (1980).

law. If it is not a correct statement of the law, the post conviction claim must be denied for failure to show error. If the unrequested instruction provides an accurate statement of the law, the hearing judge must, as his second determination, decide whether considering the particular circumstances of the trial, the instruction would have been appropriate. For example, if a counsel defending a murder charge fails to request a self-defense instruction, no post conviction relief would lie for the omission if the self-defense issue was not fairly generated by the facts.[1A] *See, Street v. State,* 26 Md. App. 336, 338 A.2d 72, *cert. denied,* 275 Md. 756 (1975). If the hearing judge determines that the unrequested instruction would not have been appropriate, the conclusion mandates a finding that the post conviction relief be denied. On the other hand, if the hearing judge determines that the unrequested instruction both correctly states the law and was appropriate, he must conclude that trial counsel erred in not requesting it. This error, however, does not necessarily signify the existence of incompetent representation. Before such determination can be made, the hearing judge must assess the reason for counsel's action. This requires the hearing judge to proceed to step two.

*Step Two. Determine reason for counsel's action.*

In this second step the hearing judge must analyze the reasoning behind counsel's erroneous action to determine whether it was justifiable or non-justifiable. If defense counsel commits an error but the reason for his action is justifiable, his action will not be viewed as incompetency.

Because a justifiable reason will preclude a finding of incompetency, the hearing judge must consider counsel's motivation for his erroneous action. For example, if counsel's action regarding the erroneous jury instruction [2] was effectuated as a legitimate "trial tactic," the probity of his action is not subject to second guessing by post conviction review.

---

[1A]. There are many other examples; one is where the requested instruction is covered by other instructions.

[2]. By erroneous jury instruction we also mean a failure of counsel to request an appropriate instruction that the trial judge failed to give.

*Davis v. State,* 40 Md. App. 467, 471 n. 4, 391 A.2d 872 (1978), *rev'd in part on other grounds,* 285 Md. 19 (1979). The error may also be justified where there was a change in the law between the time of the trial and the time of the post conviction proceeding. In such instance, the hearing judge must determine whether trial counsel's failure to request an instruction was in conformity with the law existing at the time of trial.[3] If counsel's action was in conformity with the then existent law and was a generally accepted procedure, he will not be deemed incompetent. *Prokopis v. State,* 49 Md. App. 531, 536, 433 A.2d 1191 (1981). Counsel will be afforded a reasonable time in which to become familiar with the new law before he will be deemed to have rendered incompetent representation. *See, Squire v. State,* 280 Md. 132, 368 A.2d 1019 (1977), (four days was considered too short a period to expect counsel to become aware of a change in the law).

Where a defense counsel's error is premised on a non-justifiable rationale, it may constitute a legitimate claim of incompetent representation. The most common type of non-justifiable error is ignorance of a crucial legal principle. For example, in *Wright v. State,* 33 Md. App. 68, 363 A.2d 520 (1976), the Court suggested that counsel's culpable ignorance of the law that led him to fail to object to an improper court instruction provided a basis for post conviction relief.

As in the first step, a mere determination that counsel has no justification for his error does not automatically entitle a petitioner to post conviction relief. Before post conviction relief may be granted, the hearing judge must complete step three.

*Step Three. Determine whether based "upon the facts of the case" defense counsel's incompetent representation contributed to the conviction.*

In this third and final step, the hearing judge must deter-

---

**3.** We note that where there has been a change in the law between the time of trial and the time of the post conviction proceeding, having retroac-

mine whether the act of incompetency warrants post conviction relief.

The Uniform Post Conviction Procedure Act affords relief only for "claims that the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State. . . ." Art. 27, Par. 645A (a) (1982 Repl. Vol.). Although an error may involve a violation of a Constitutional guarantee or a law, where it does not affect the fact finder's determination of guilt or innocence, it cannot be said that the "judgment was imposed" on account of error. Such a case affords no basis for post conviction relief. This was demonstrated in *Dorsey v. State,* 278 Md. 221, 362 A.2d 642 (1976). In that case the trial judge, in defining the crime of second degree murder, instructed the jury, as was proper at the time, that the defendant was required to disprove malice. The trial judge also instructed the jury as to the elements of first degree murder. The jury convicted Dorsey of first degree murder. Subsequently, in an unrelated case, the Court of Appeals held that the definition of second degree murder, as given in Dorsey, was improper. It was also determined that the new definition of second degree murder should be afforded retroactive effect. *See, State v. Evans,* 278 Md. 197, 362 A.2d 629 (1976). Dorsey appealed his conviction complaining that the trial judge's instruction as to second degree murder was incorrect. The Court of Appeals agreed but ruled that the impropriety was immaterial because Dorsey had been convicted of first degree murder. The reasoning of this holding is equally pertinent to post conviction cases. Thus, if a defendant is convicted of a particular crime, the only instructions that are significant on appeal are those that the jury necessarily took into consideration in reaching their actual verdict. If an improper instruction was given that concerned a charge or charges of which the defendant was acquitted, the impropriety of the instruction becomes a theoretical question, providing no basis for post conviction relief.

---

tive effect, the applicant may be entitled to relief as a consequence of the new law although not having a claim of incompetent representation.

Thus, if the hearing judge determines that the act of incompetency affected the verdict or sentence, the petitioner is entitled to post conviction relief.[4]

### The Instant Case

In the instant case the hearing judge made no findings as to counsel's failure to request that the jury be instructed about the voluntariness of applicant's statements, nor did he make any findings as to applicant's claim that the jury was improperly instructed about his prior criminal record. The hearing judge must follow the three step procedure set forth in this opinion, and file a written memorandum in which he determines whether counsel rendered effective assistance. If he decides counsel's representation does not warrant post conviction relief, the record shall again be returned to this Court for our consideration of applicant's application.[5]

> *Leave to appeal neither granted nor denied and case remanded for the filing of a memorandum pursuant to Rule BK45 b. and the return to this Court.*
>
> *The application is denied.*

---

**4.** In United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the United States Supreme Court ruled that in order for a federal habeas corpus petitioner to prove entitlement to relief under 28 U.S.C. § 2255 he must show both "cause" for any procedural default and must also show "actual prejudice." The Court defined an error causing actual prejudice as one that "so infected the entire trial, that the resulting conviction violates due process." *Id.* at 1595. The Court ruled that the mere fact the error may have been "undesirable" or "universally condemned" was not enough. In other words, a federal petitioner, in order to obtain habeas corpus relief, must show that he probably would not have been convicted but for the error.

**5.** If the hearing judge decides that counsel's representation was ineffective the State shall, in accordance with Md. Rule BK45 b., have the right to file an application for leave to appeal the granting of the post conviction relief.